# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1734

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Babatunde Nathaniel Beeks, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 11, 2001

Filed: September 20, 2001

_____

Before LOKEN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

In 1998, Babatunde Nathaniel Beeks was charged with conspiring to distribute crack cocaine. In questioning a witness near the end of Beeks's trial, the Assistant United States Attorney implied, in violation of a pretrial order, that Beeks had a criminal history. Beeks's motion for a mistrial was denied and the jury returned a guilty verdict. On appeal, we reversed Beeks's conviction and remanded the case for a new trial because of the prosecutor's improper questioning. United States v. Beeks, 224 F.3d 741, 748 (8th Cir. 2000). Beeks then pleaded guilty and was sentenced to 160 months in prison. Beeks now appeals his second conviction, contending that the

second prosecution was barred by the Double Jeopardy Clause and that he is entitled to attorney's fees under the Hyde Amendment. Beeks also appeals his sentence, arguing the district court committed error when determining two sentencing factors: the quantity of drugs for which Beeks is responsible and his role in the conspiracy. We affirm the district court.[*]

Beeks first contends the second prosecution violated his double jeopardy rights. Depending on the circumstances, when a mistrial is declared on the prosecution's motion the Double Jeopardy Clause may protect the defendant from being tried again for the same crime. Arizona v. Washington, 434 U.S. 497, 505-506 (1978). In contrast, when a defendant's motion gives rise to a mistrial, reprosecution is prevented only if the prosecution's "conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial," and thus to make an end-run around the Double Jeopardy Clause. Oregon v. Kennedy, 456 U.S. 667, 675-76, 679 (1982). Absent intent to provoke a mistrial, a prosecutor's error in questioning a witness, improper remark in a closing statement, and even extensive misconduct do not prevent reprosecution. United States v. Valadez-Camarena, 163 F.3d 1160, 1163 (10th Cir. 1998); United States v. Ivory, 29 F.3d 1307, 1311 (8th Cir. 1994); Fugitt v. Lemacks, 833 F.2d 251, 252 (11th Cir. 1987) (per curiam). We review the district court's denial of double jeopardy protection de novo. Ivory, 29 F.3d at 1310.

Beeks alleges the prosecutor's questioning was intended to provoke a mistrial and the district court committed clear error in finding otherwise. According to Beeks, the district court's finding is inconsistent with our earlier opinion reversing Beeks's first conviction, where we chastised the prosecutor for pursuing an inappropriate line of questioning, especially at such a late stage of the trial, and we noted the prosecutor could not offer a satisfactory reason why he made the comments now at issue. Beeks,

---

[*] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

224 F.3d at 745-46. Although the prosecutor's actions were sufficient to provoke a mistrial, they do not rise to the level of preventing reprosecution based on double jeopardy considerations. The district court that presided over Beeks's trial found the prosecutor did not intend to provoke a mistrial, and we cannot say the district court's finding is clearly erroneous. Ivory, 29 F.3d at 1311.

Beeks also claims attorney's fees for the first trial, his later plea and sentencing, and the present appeal. In the 1997 Hyde Amendment, Congress authorized federal courts to "award to a prevailing party [in a criminal case], other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust." Pub. L. No. 105-119, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes); see United States v. Gilbert, 198 F.3d 1293, 1299-1303 (11th Cir. 1999) (discussing the Hyde Amendment's legislative history). Although our standard of review is not specified in the Hyde Amendment and we have not yet passed on the question, all other circuits to consider the issue have reviewed the district court's decision to award or to deny fees for abuse of discretion. United States v. Knott, 256 F.3d 20, 35 (1st Cir. 2001); United States v. True, 250 F.3d 410, 422 (6th Cir. 2001); United States v. Sherburne, 249 F.3d 1121, 1125 (9th Cir. 2001); United States v. Adkinson, 247 F.3d 1289, 1293 (11th Cir. 2001); United States v. Wade, 255 F.3d 833, 839 (D.C. Cir. 2001); In re 1997 Grand Jury, 215 F.3d 430, 436 (4th Cir. 2000); United States v. Truesdale, 211 F.3d 898, 906 (5th Cir. 2000). The language of the Hyde Amendment–that the court "may" award attorney's fees–and the district courts' unique familiarity with the litigation indicates we should apply "a deferential level of review in Hyde Amendment appeals." Truesdale, 211 F.3d at 906; see United States v. Lindberg, 220 F.3d 1120, 1123-24 (9th Cir. 2000). We agree with our sister circuits that an abuse of discretion standard governs the review of Hyde Amendment claims.

Contrary to the Hyde Amendment's eligibility requirement that a defendant must be a prevailing party to claim attorney's fees, Beeks did not prevail. Beeks was found guilty at the first trial, pleaded guilty at the second trial, and today we affirm his second conviction. Moreover, as our discussion of the double jeopardy issue makes clear, he is not able to satisfy the three-pronged "vexatious, frivolous, or in bad faith" standard, however defined. Compare Lindberg, 220 F.3d at 1125 (resisting rigid definitions of "vexatious, frivolous, [and] bad faith"), with Gilbert, 198 F.3d at 1298-99 (resorting to dictionary definitions for the ordinary meaning of the three-pronged Hyde Amendment standard), and Knott, 256 F.3d at 28-30 (applying Gilbert's approach of dictionary definitions to determine the meaning of "vexatious"). In our view, Beeks has failed to show the government's prosecution of this case amounts to prosecutorial misconduct, that is, "a prosecution brought vexatiously, in bad faith, or so utterly without foundation in law or fact as to be frivolous." Gilbert, 198 F.3d at 1299. Thus, the district court did not abuse its discretion in denying Beeks's motion for attorney's fees under the Hyde Amendment.

Challenging his sentence, Beeks asserts the district court committed clear error in holding him responsible for 2722 grams of cocaine distributed in the course of the conspiracy rather than nine ounces he helped distribute directly. Because members of a conspiracy are responsible for their co-conspirators' acts that further the conspiracy, one conspirator may be accountable for the distribution of drugs by other conspirators if the distribution was in furtherance of the conspiracy and either known to the defendant or reasonably foreseeable to him. United States v. Smith, 240 F.3d 732, 737 (8th Cir. 2001). In this case, evidence at trial showed Beeks knew the extent of the conspiracy, and the district court reasonably relied on the trial evidence as well as the presentence report, which included the total amount of drugs involved in the conspiracy.

Finally, Beeks claims he should have been classified as a minimal participant rather than a minor participant in the conspiracy, and thus should have received an even

greater sentencing reduction for his mitigating role. U.S.S.G. § 3B1.2. Because trial testimony showed Beeks knew of the extent of the conspiracy and handled $5000 in drug money, the district court's classification of him as a minor participant in the conspiracy was not clearly erroneous.

We thus affirm Beeks's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.