# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3940

_____

| | | |
|---|---|---|
| Ronald Lindsey, Sued as Ronald Devon Lindsey, | * * * | |
| Petitioner-Appellant, | * * | Appeal from the United States District Court for the |
| v. | * * | District of Minnesota. |
| United States of America, | * * * | |
| Respondent-Appellee. | * | |

_____

Submitted:  October 9, 2002

Filed:  November 15, 2002

_____

Before MCMILLIAN, LAY, and RILEY, Circuit Judges.

_____

LAY, Circuit Judge.

This appeal is from a denial of relief under a 28 U.S.C. § 2255 motion.  Ronald Lindsey was convicted of one count of conspiracy to distribute crack cocaine and one count of possession of crack cocaine with intent to distribute, each in violation of 21 U.S.C. § 841.  Lindsey was also convicted of two counts of use of a telephone in the commission of a felony, in violation of 21 U.S.C. § 843.  The pre-sentence report held Lindsey accountable for three kilograms of powder cocaine and 1.5 kilograms of crack cocaine. Lindsey's attorney did not object to the report.  Lindsey was sentenced to 290 months.  Upon appeal, his conviction was affirmed by this court.  See United

States v. Lindsey, No. 98-2130, 1998 WL 789541 (8th Cir. Nov. 16, 1998) (per curiam). Lindsey thereafter filed an ineffective assistance of counsel motion pursuant to 28 U.S.C. § 2255. He claimed his counsel at sentencing was ineffective because he did not object to the quantity of crack assigned in the pre-sentence report. The district court[1] granted an evidentiary hearing to determine whether Lindsey received ineffective assistance.

The district court denied the § 2255 motion. The court found Lindsey was not prejudiced by his counsel's failure to object to the pre-sentencing report. The district court granted a certificate of appealability.

To prevail on an ineffective assistance of counsel claim, the Petitioner must show his counsel's performance was (1) ineffective, and (2) prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Government stipulated that Lindsey's sentencing counsel was ineffective. The only question on this appeal is whether his ineffective counsel prejudiced Lindsey. To show prejudice, the Petitioner must establish that the result of the proceeding would have been different but for the errors of defense counsel. Id. at 695. We affirm the denial of his § 2255 motion.

Lindsey claims the result in this case would have been different had his attorney objected to the quantity of crack in the pre-sentence report. He claims the Government would not have been able to prove that he possessed 1.5 kilograms of crack.

The district court attributed three kilograms of powder cocaine to the Petitioner at the time of sentencing as well as one kilogram of cocaine from the April 14, 1997,

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

seizure and two kilograms of crack from the May 5, 1997, delivery. These amounts were cooked into crack cocaine and distributed. In addition, the district court found that 1.5 kilograms of cocaine base from the May 14 seizure were also attributable to Lindsey. In passing upon Lindsey's claim, the district court said:

> Because the three separate quantities included different substances (cocaine vs. cocaine base), the drugs were converted into marijuana equivalents for sentencing purposes. U.S.S.G. § 2D1.1, Application note 10. For purposes of conversion, one gram of cocaine base equals 20 kilograms of marijuana, and one gram of cocaine power equals 200 grams of marijuana. U.S.S.G. § 2D1.1 drug conversion table. As a result, the 3 kilograms of cocaine powder were found to be equivalent to 600 kilograms of marijuana. The 1.5 kilograms of cocaine base were found to be equivalent to 30,000 kilograms of marijuana. The total marijuana equivalent for sentencing purposes, therefore, was 30,600 kilograms.

Under the Drug Quantity Table of the Sentencing Guidelines, 30,000 or more kilograms of marijuana results in a base offense level of 38.[2] Notwithstanding the above findings, the district court stated it was limiting its analysis to the 1.5 kilograms of crack seized on May 14, 1997. The court recalled the testimony of Bruce Person, a Minneapolis chemist who analyzed and weighed the drugs at issue. The total weight reported by Person was 1,492.2 grams. The court noted that 1,492.2 grams is well within the range of a 38 base offense level. Under the district court's analysis, it found the Government would have been able, even if counsel had objected at the time of sentencing, to satisfy its burden of proof by a preponderance of the evidence regarding the drug quantity.

---

[2]Petitioner was assigned a base offense level of 38. In contrast, 10,000 to 30,000 kilograms of marijuana results in a base offense level of 36. Had the Petitioner been assigned a base offense level of 36 rather than 38, the sentencing range would have been lowered from 292-365 months to 235-293 months.

We agree with the district court's analysis. Person's testimony established the amount of crack necessary for a base offense level of 38. Person identified and weighed the 1.5 kilograms of crack. We are not persuaded by Lindsey's argument that the measuring devices used by Person were inaccurate. The district court credited Person's testimony and found it sufficiently showed Lindsey possessed 1.5 kilograms of crack. Lindsey presented no evidence proving a different procedure would have altered Person's findings.

We also reject Lindsey's contention that only a portion of the seized substance was crack. At trial, Lindsey stipulated that the seized material was crack. His stipulation unambiguously encompassed the entire 1.5 kilograms of crack. We thus find that Lindsey was not prejudiced by counsel's failure to object to the quantity of crack.

Judgment AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.