# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3751

_____

| | | |
|---|---|---|
| Babatunde Nathaniel Beeks, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  June 18, 2004
Filed:  June 25, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

A jury convicted Babatunde Nathaniel Beeks of conspiracy to distribute crack cocaine. We granted Beeks a new trial because of inappropriate cross-examination of a witness. United States v. Beeks, 224 F.3d 741 (8th Cir. 2000). On remand, Beeks pleaded guilty. At the second sentencing hearing, Beeks disputed whether he was responsible for powder or crack cocaine. Beeks testified his only involvement in the conspiracy was his delivery of nine ounces of powder cocaine. The district court found the type of cocaine involved was crack as found in the presentence report. Beeks appealed his sentence, but did not challenge the court's finding that the cocaine involved was crack. United States v. Beeks, 266 F.3d 880 (8th Cir. 2001) (per

curiam). We affirmed Beeks's sentence, holding his offense involved 2722 grams of crack cocaine. Id. at 884.

Beeks then filed this 28 U.S.C. § 2255 motion asserting his appellate attorney was ineffective for failing to argue Beeks's involvement in the conspiracy was limited to powder cocaine. The district court[*] denied the motion, concluding Beeks suffered no prejudice from his attorney's performance because the issue was raised at the sentencing hearing and Beeks was allowed to testify about the type of drugs involved in the conspiracy. The court noted that contrary to Beeks's testimony that his involvement in the conspiracy was limited to nine ounces of powder cocaine, the trial testimony showed Beeks was involved in a much larger conspiracy involving crack cocaine. See Beeks, 224 F.3d at 743 (summarizing testimony). Further, the court noted the indictment to which Beeks pleaded guilty charged a conspiracy to distribute cocaine base, Beeks admitted under oath that he understood the nature of the charge against him, and the judgment of conviction identified the offense as conspiracy to distribute cocaine base. The district court held that given the record and the trial testimony, there was no reasonable probability that the results of the sentencing or appeal would have been different if Beeks's appellate attorney had argued Beeks's involvement in the conspiracy was limited to powder cocaine. Because Beeks suffered no prejudice as a result of his appellate attorney's failure to make the powder cocaine argument, the district court denied Beeks's § 2255 motion.

To prevail on his ineffective assistance of counsel claim, Beeks had to show that his attorney's performance was defective and that the defective performance prejudiced his defense. Lindsey v. United States, 310 F.3d 606, 607 (8th Cir. 2002). To establish prejudice, Beeks had to show the result of the proceeding would have been different but for his attorney's errors. Id. Beeks contends that if his attorney

---

[*]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

had asserted the conspiracy only involved powder cocaine, Beeks would have been sentenced only for powder cocaine and thus would have received a lesser sentence. We agree with the district court that even if Beeks's attorney had raised the issue, there was not a reasonable probability that he would have prevailed.

Beeks contends the district court's conclusion is wrong because the court simply relied on the presentence report to decide the powder versus crack issue and because the court erroneously believed it was bound by its own earlier finding on the proper drug type. We disagree with Beeks about the grounds for the district court's decision. As our earlier explanation makes clear, the district court relied on trial testimony in concluding Beeks's involvement in the conspiracy included crack cocaine. See Beeks, 224 F.3d at 743 (recounting witnesses' testimony that Beeks sold them crack cocaine). The sentencing court could properly look to the record of the case as a whole including testimony from the trial over which it had presided. United States v. Collins, 340 F.3d 672, 678 (8th Cir. 2003).

Because Beeks was not prejudiced by his attorney's failure to raise the crack versus powder cocaine issue, we affirm the district court.

_____