# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1505

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　*　District Court for the
　　　　v.　　　　　　　　　　　*　Western District of Missouri.
　　　　　　　　　　　　　　　　　*
Thomas E. Watson-El,　　　　　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　*

_____

Submitted: April 3, 2006
Filed: April 5, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

　　　A jury found Thomas E. Watson-El guilty of conspiring to make, utter, or possess counterfeit checks, in violation of 18 U.S.C. §§ 371 and 513. The district court[1] sentenced him, after United States v. Booker, 543 U.S. 220 (2005), to 18 months in prison and 3 years of supervised release and ordered him to pay $34,376.45 in restitution. On appeal, Watson-El's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), and Watson-El has filed a pro se supplemental brief and motion for the appointment of new counsel. Together,

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Watson-El and his counsel present four arguments, all of which we reject for the reasons discussed below.

First, we conclude that Watson-El could be retried because the district court did not clearly err in finding that the prosecutor did not intentionally provoke a mistrial. See United States v. Beeks, 266 F.3d 880, 883 (8th Cir. 2001) (standard of review). Second, the district court did not apply an enhancement for the number of victims of Watson-El's offense. Third, we conclude that Watson-El waived his challenge to the amount of restitution when his lawyer withdrew his objection and reached an agreement with the government on the restitution amount. See United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002) (where defendant's lawyer raised but then withdrew objection, defendant waived issue under United States v. Olano, 507 U.S. 725 (1993), and was precluded from arguing it on appeal). Fourth, the inclusion of aggravating Guidelines factors in the charging information in response to Blakely v. Washington, 542 U.S. 296 (2004), did not convert them into elements of the offense and did not prejudice Watson-El. See United States v. Sherman, No. 05-1058, 2006 WL 625715, at *2 (8th Cir. Mar. 15, 2006).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we conclude that there are no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, grant counsel's motion to withdraw, and deny Watson-El's motion for the appointment of new counsel.

_____