# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2639/07-2787

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Jackie E. Porchay, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: February 12, 2008
Filed: July 17, 2008

———————

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

———————

SMITH, Circuit Judge.

Jackie Porchay and others were indicted on drug and money laundering charges after police found drugs and a large quantity of cash in Porchay's car during a traffic stop. The charges against Porchay were eventually dismissed. Porchay then moved to recover property seized from her car and residence and for attorneys' fees; the district court[1] denied her motions. Porchay appeals, alleging that the district court erred by (1) prematurely ruling on her 21 U.S.C. § 853(n) motion at a Federal Rules of Criminal

———————

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

Procedure Rule 41(g) hearing; (2) finding that her § 853(n) claim failed as a matter of law; and (3) failing to award her attorneys' fees. We affirm.

## I. *Background*

Porchay's boyfriend, Harold Jerome Kelley, was arrested after a traffic stop while driving Porchay's vehicle. In the search of the vehicle and its passengers,[2] officers recovered crack cocaine, a crack pipe, and over $200,000 in cash. Approximately two months after Kelley's arrest, officers applied for and obtained a search warrant to search 10005 Bradley Drive, Little Rock, AR—a residence Kelley shared with Porchay.[3]

At the time of the warrant application, officers knew that Kelley sold controlled substances and transported drugs from Dallas for distribution in Little Rock. Officers also had information from Kelley's co-conspirators that Kelley had firearms in his residence. Prior to applying for the warrant, officers also investigated Kelley's and Porchay's financial histories and assets. They discovered that Kelley did not own any property or report any income to the government and that while Porchay earned approximately $13,270 per year, she owned a $118,000 home in Benton, a 2000 Honda Accord, a 2001 Chevrolet Monte Carlo, a 2004 Cadillac Escalade, and a Suzuki motorcycle. Officers presented this information in their application, and a magistrate judge issued a search warrant for the residence. The warrant authorized the search and seizure of any material evidence of a violation of 21 U.S.C. § 846 and 18 U.S.C. § 841(a)(1). After executing the warrant, officers seized a Honda, a

---

[2]Kelley was traveling with a female companion who is not a party to this appeal.

[3]There was some dispute whether this was Kelley's residence. Kelley alleged that he had multiple residences, but neither he nor Porchay presented any evidence of these residences. One of Kelley's driver's licenses, however, indicated that his residence was the Bradley Drive address.

motorcycle, $191,612 in U.S. currency from the shared residence, and $2,000 in U.S. currency from a safety deposit box.

Porchay, Kelley, and a third defendant, Samuel Briones, were charged in a one-count indictment with conspiring to possess with intent to distribute five or more grams of crack cocaine. Kelley entered into a plea agreement with the government. In his plea, Kelley asserted that he owned the property seized at the Bradley Drive residence (a claim he reaffirmed at his sentencing hearing), agreed to the forfeiture of this property, and promised that he would testify as to his ownership if any other individuals asserted an interest in the property. On April 13, 2007, the court entered an order of forfeiture regarding the vehicles and the U.S. currency.

After failing to obtain a continuance in the proceedings, the government dropped its charges against Porchay. Porchay then moved for a return of the property seized from her residence, pursuant to Federal Rule of Criminal Procedure 41(g), and sought attorneys' fees under the Hyde Amendment. The court, after holding a hearing, determined that Porchay must assert her claim under 21 U.S.C. § 853(n). Porchay no longer faced criminal charges, consequently the court held that she could only assert third-party rights to the forfeited property. Her only recourse was to assert a superior ownership right in the seized property to that of Kelley. The district court concluded that Porchay's admission that she did not own the property foreclosed such a claim. Prior to its ruling, the district court provided Porchay an opportunity to testify about her interest in the seized property, but she declined.

Following the district court's ruling, Porchay filed a petition pursuant to § 853(n) claiming that she has a possessory interest in the seized property. The district court viewed this petition as a "thinly-disguised attempt to circumvent the Court's June 22 Opinion and Order and reopen a matter already decided." The district court denied the petition without a hearing, stating that Porchay had already had an opportunity to testify and present evidence in support of her petition. The district court

-3-

also denied Porchay's motion for attorneys' fees, finding that Porchay was a prevailing party but that she could not demonstrate that the government's case against her was frivolous, in bad faith, or vexatious.

## II. *Discussion*

Porchay appeals, alleging that the district court erred by: (1) prematurely ruling on her 21 U.S.C. § 853(n) motion at a Rule 41(g) hearing; (2) finding that her § 853(n) claim failed as a matter of law; and (3) failing to award her attorneys' fees. We affirm.

### A. *Porchay's § 853(n) Claim and Rule 41(g)*

Porchay argues that the district court erred in ruling on her criminal forfeiture claim asserted under 21 U.S.C. § 853(n) at a hearing to decide her Rule 41(g) criminal property return claim. Because Porchay did not assert this as an error below, this argument is reviewed for plain error. *See United States v. Lucas*, 499 F.3d 769, 780 (8th Cir. 2007) (reviewing for plain error an argument that the defendant failed to make to the district court). "Plain error review is narrow and confined to the exceptional case where error has seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Olson v. Ford Motor Co.*, 481 F.3d 619, 627 (8th Cir. 2007) (punctuation omitted). Reversal under the plain error standard is warranted where an "error has prejudiced the substantial rights of a party and would result in a miscarriage of justice if left uncorrected." *Id*.

Porchay has not shown prejudice, and we thus conclude that the district court did not commit plain error. Porchay argues that the district court ruled on her § 853(n) claim prematurely because she had not yet asserted such a claim. The district court, however, converted her Rule 41(g) claim into a § 853(n) claim because the court found that she had no standing to assert a Rule 41(g) claim as she was no longer a criminal defendant.

-4-

To prevail in the § 853(n) claim, Porchay had to demonstrate by a preponderance of the evidence that she had a superior right, title, or interest in the seized property, 21 U.S.C. § 853(n)(6); this evidentiary burden is relatively comparable to the Rule 41(g) claim burden. *See Jackson v. United States*, 526 F.3d 394, 397 (8th Cir. 2008) (stating that "[a] Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'") (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)); *see also* Fed. R. Crim. P. 41(g) (stating that "[t]he court must receive evidence on any factual issue necessary to decide the motion"). Although she was given the opportunity to present evidence demonstrating her interest in the property, she did not. The district court's decision to convert Porchay's Rule 41(g) claim into a § 853(n) claim did not prevent Porchay from adducing evidence of ownership. Consequently, Porchay has not demonstrated that the district court's decision to resolve her § 853(n) claim at the Rule 41(g) hearing was plain error.

### B. *Merits of Porchay's § 853(n) Claim*

Porchay challenges the district court's determination on the merits, arguing that: (1) her concession regarding ownership of the property was insufficient to defeat her claim; (2) the government failed to meet its burden of proof; and (3) the underlying search and seizure violated the Fourth Amendment.

### 1. *Ownership of the Property*

Porchay next argues that the district court erred in holding that her § 853(n) claim failed as a matter of law because she conceded that she was not the owner of the property. To prevail in a § 853(n) claim, a petitioner must demonstrate by a preponderance of the evidence that the petitioner is either a bona fide purchaser for value or that the petitioner possesses a right, title, or interest in the seized property that is superior to the defendant's right title, or interest in the property. 21 U.S.C. § 853(n)(6). Porchay's § 853(n) claim hinged on whether she had a superior interest in

the seized property to Kelley. *See* 21 U.S.C. § 853(n)(6) (setting out the burden of proof on the petitioner). Porchay acknowledges that she does not own the seized property but contends that she can show a superior interest to Kelly in other ways. Porchay, however, asserts this vague possessory interest in the property without evidence or explanation. Porchay frames her argument as a question of standing and suggests that she does not have to demonstrate that she can prevail on the merits. The district court, however, did not decide this case simply as a matter of standing. Rather, given Porchay's concession that she did not own the property, the district court held that Porchay could not prevail on the merits and, therefore, denied her claim. Porchay's failure to present ownership evidence in support of her claim irreparably crippled her claim. Consequently, the district court did not err in denying her § 853(n) petition.

### 2. *Connection to Criminal Activity.*

Porchay next argues that the district court erred in failing to require the government to meet its burden of proof. She alleges that the government cannot show that she was aware of Kelley's criminal activities or that there was probable cause for the government to seize the items. We disagree.

First, these arguments rely on a false premise—that the government has not satisfied its burden of proof. The government adduced its property forfeiture proof in its case against Kelley, and there is no provision in § 853(n) to relitigate the outcome of those proceedings. Second, Porchay's arguments focus on the legality of the seizure of the property, but Porchay was a third party to the forfeiture and has no standing to challenge the legality of the seizure under the Fourth Amendment. *United States v. Kiser*, 948 F.2d 418, 424 (8th Cir. 1991) (recognizing that Fourth Amendment rights are personal and cannot be vicariously asserted); *see also* 21 U.S.C. § 853(k) (expressly stating that the forfeiture statute does not grant third parties the right to intervene in the criminal proceeding except as outlined in subsection (n)). Section 853(n) does not give a third party the right to challenge the legality of the seizure; the

plain language of the subsection indicates that its purpose is to ensure that the property is not taken from someone with a right to the property that is superior to the defendant.

### 3. *Porchay's Fourth Amendment Claim*

Porchay argues that when the officers applied for the search warrant, they did not have probable cause because they were relying on mere suspicion.

Porchay's arguments concerning probable cause for the underlying search do not address any issues in this § 853(n) case. The issue in this appeal is not whether the government had a right to seize the property at issue. Rather, our sole inquiry with regard to Porchay's § 853(n) claim is whether the district court erred in finding that Porchay did not have a superior interest in the seized property. Accordingly, we state no opinion regarding the legality of the underlying search and seizure.

### C. *Attorneys' Fees*

Porchay next argues that the district court committed error in (1) dismissing her petition for attorneys' fees without a hearing; and (2) its determination on the merits of her Hyde Amendment claim.

The Hyde Amendment authorized federal courts to "award to a prevailing party [in a criminal case], other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust." Pub. L. 105–119, Title VI § 617, 111 Stat. 2519 (reprinted in 18 U.S.C. § 3006A, historical and statutory notes).

### 1. *Hearing on Hyde Amendment Claim*

Porchay argues that she was entitled to a hearing on her Hyde Amendment claim. "[W]e have held that '[w]hen serious factual disputes surround an application

for attorney's fees, a hearing is required.'" *Hardman v. Board of Educ. of Dollarway, Arkansas Sch. Dist.*, 714 F.2d 823, 825 (8th Cir. 1983) (quoting *Herrera v. Valetine*, 653 F.2d 1220, 1233 (8th Cir. 1981)). Porchay does not cite any material factual disputes regarding her petition for fees; therefore, we conclude that the district court was not mandated to hold a hearing on this matter.

## 2. *Merits of Hyde Amendment Claim*

In her final argument, Porchay contends that the district court erred in its assessment of her Hyde Amendment claim.

First, Porchay claims that the district court ignored her evidence of the government's bad faith. To prove that she was prosecuted in bad faith, Porchay cites the following evidence: (1) the government's unwillingness to return her property; and (2) the dismissal of the indictment against Porchay after she refused to testify against Kelley. Porchay also argues that the district court should have addressed her frivolous prosecution claim. We review the district court's decision to deny attorneys' fees under the Hyde Amendment for an abuse of discretion. *United States v. Beeks*, 266 F.3d 880, 883 (8th Cir. 2001).

We conclude that Porchay has failed to adduce evidence of bad faith. Rather, the evidence shows that the government simply did not return the property to Porchay because she did not show that she had a right to the property. Porchay also does not show that the government dismissed her indictment because she refused to testify. Porchay must show more than that one event occurred after the other to establish bad faith.

We further conclude that attorney's fees were not warranted based on Porchay's allegations of frivolous or vexatious prosecution. The government acts vexatiously within the meaning of the Hyde Amendment when it acts without "reasonable or probable cause or excuse." *United States v. Gilbert*, 198 F.3d 1293, 1299 (11th Cir.

1999). The government prosecutes an individual frivolously when the government's "position is utterly without foundation in law or fact." *United States v. Bowman*, 380 F.3d 387, 390 (8th Cir. 2004). Once probable cause to proceed against Porchay was established the district court need not have proceeded further to address Porchay's frivolous or vexatious prosecution claims. *See United States v. Anderson*, 339 F.3d 720, 723 (8th Cir. 2003) (defining probable cause, in context of an arrest, as reliable belief that a crime has been committed and that the defendant committed it). Here, there was probable cause to believe that Porchay was linked to Kelley's crimes—he was driving her car when he was arrested, they shared a home whose value belied their reported financial means, and there was nearly $192,000 under their mattress. Armed with this evidence, the government was not acting frivolously or vexatiously when it chose to prosecute her.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____