**UNITED STATES of America, Plaintiff,**

v.

**Mark Dawayne STARCEVIC, Defendant.**

No. 4:09–cr–00196–JEG.

United States District Court, S.D. Iowa, Central Division.

Feb. 25, 2011.

Clifford D. Wendel, U.S. Attorney's Office, Des Moines, IA, for Plaintiff.

## ORDER

JAMES E. GRITZNER, District Judge.

This matter comes before the Court on third-party claimant Robert L. Starcevic's (Starcevic) claim for seized and/or forfeitable property arising out of the criminal prosecution of Mark Dawayne Starcevic (Defendant).[1] The Government resists. The Court held a hearing on the matter on February 23, 2011. The Government was represented by Assistant United States Attorney Maureen McGuire. Starcevic was represented by attorney F. John Spellman. The matter is fully submitted and ready for disposition.

## I. BACKGROUND

On December 15, 2009, the Grand Jury returned an indictment charging Defendant with various offenses related to firearms and the distribution of illegal drugs. The indictment also provided notice that the Government sought to forfeit numer-

---

1. Starcevic is Defendant's father.

ous firearms, vehicles, and parcels of real property. On November 11, 2010, Defendant plead guilty to one count of conspiracy to distribute at least 500 grams of a mixture or substance containing methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A) (Count One); one count of possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (Count Eight); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(A)(i) (Count Nine).

Pursuant to Defendant's plea agreement, Defendant agreed to forfeit the property outlined in the indictment. Included among the property Defendant agreed to forfeit was one blue 1999 Ford Econoline van, VIN # 1FTNE2421XHB52413 (the van); one silver 2006 Dodge Ram truck, VIN # 1D7HU18296S652511 (the truck); real property located at 4208 E. Madison Avenue, Des Moines, Iowa, otherwise known as LOT 16 VICTORIA PARK PLAZA PLT 1, Des Moines, Iowa, with all appurtenances, improvements, equipment, fixtures, and attachments thereon (the East Madison Avenue property); and real property located at 3205 2nd Avenue, Des Moines, Iowa, otherwise known as LOT 14 BLK 13 PLAT 1 AUBURN HEIGHTS, Des Moines, Iowa, with all appurtenances, improvements, equipment, fixtures, and attachments thereon (the 2nd Avenue property).

On November 24, 2010, the Government moved for a preliminary order of forfeiture as to the property listed in Defendant's plea agreement. Pursuant to Federal Rule of Criminal Procedure 32.2, the Court granted the Government's motion on November 29, 2010. *See* Fed.R.Crim.P. 32.2(b)(2)(A) ("If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property.").

On December 27, 2010, Starcevic filed a claim, contesting the forfeiture of the van, the truck, the East Madison Avenue property, and the 2nd Avenue property because, Starcevic claims, those items of property were purchased with his money. On January 4, 2011, the Government moved to strike Starcevic's claim, arguing that Starcevic failed to demonstrate an ownership interest in the vehicles and the real property. On January 14, 2011, Starcevic withdrew his claim with regard to the 2nd Avenue property and filed a resistance to the Government's Motion to Strike. On February 7, 2011, the Government recognized Starcevic's interest as to the van but maintained that Starcevic had failed to establish any ownership interest in the truck or in the East Madison Avenue property.

## II. DISCUSSION

Section 853 of Title 21 provides that "any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States ... may ... petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. 853(n)(2). "To prevail in a § 853(n) claim, a petitioner must demonstrate by a preponderance of the evidence that the petitioner is either a bona fide purchaser for value or that the petitioner possesses a right, title, or interest in the seized property that is superior to the

defendant's right, title, or interest in the property." *United States v. Porchay*, 533 F.3d 704, 709 (8th Cir.2008) (citing 21 U.S.C. § 853(n)(6)). "Section 853(n) does not give a third party the right to challenge the legality of the seizure; the plain language of the subsection indicates that its purpose is to ensure that the property is not taken from someone with a right to the property that is superior to the defendant." *Id.* at 710.

■ At the hearing, Starcevic testified that Defendant acquired the East Madison Avenue property in 1982 by assuming the mortgage of the property's previous owner. However, due to the fact that the interest rate applied to Defendant's outstanding principal was high, in 1991, Starcevic said that he agreed to lend Defendant $40,000 so that Defendant could remit the remainder of the outstanding principal to the original lender. Defendant made somewhat routine payments to Starcevic from 1992 through 1998 on this outstanding debt but stopped making payments after 1998 due to financial difficulty. Starcevic testified that Defendant still owes him approximately $40,000.[2] Starcevic admitted that his name is not on the deed to the East Madison Avenue property and that he never filed a lien against the East Madison Avenue property.

Starcevic also testified that in July 2008, Starcevic gave Defendant $20,000 with which to purchase the truck. Starcevic said that he encouraged Defendant to deposit the money into Defendant's own bank account so that it would look like Defendant purchased the truck for himself. Starcevic also said that he told Defendant to take title to the truck in Defendant's own name. Although Starcevic provided the Court with a copy of his money market statement for the period of July 17, 2008, through August 15, 2008, evidencing that $20,000 was withdrawn from Starcevic's account, Starcevic did not record the transaction in any way. Starcevic admitted that the truck is not titled in Starcevic's name, and Starcevic did not otherwise obtain a security interest in the truck.

■ Starcevic has failed to prove that he has legal right, title, or interest in the East Madison Avenue property or the truck superior to that of Defendant. *See, e.g., Porchay*, 533 F.3d at 709 ("[The claimant]'s failure to present ownership evidence in support of her claim irreparably crippled her claim."). The Court agrees with the Government that, at best, Starcevic is an unsecured creditor. Yet, even if the Court were to consider Starcevic an unsecured creditor, that does not render him a bona fide purchaser of either the East Madison Avenue property or the truck. *See, e.g., United States v. Watkins*, 320 F.3d 1279, 1283 (11th Cir.2003) ("[W]e agree with the majority view that unsecured or general creditors cannot be considered bona fide purchasers for value within the meaning of § 853(n)(6)(B)."); *United States v. Ribadeneira*, 105 F.3d 833, 836 (2d Cir.1997) (same); *United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1191 (D.C.Cir.1995) ("We think the government is correct that a general creditor can never have an interest in specific forfeited property, no matter what the relative size of his claim vis-a-vis the value of the defendant's post-forfeiture estate."); *United States v. Campos*, 859 F.2d 1233, 1237 (6th Cir.1988) (holding that unsecured creditors are not bona fide

---

**2.** Starcevic said that he combined the capital he provided to Defendant to pay off the outstanding principal on the East Madison Avenue property with other funds that Starcevic loaned to Defendant to cover unrelated expenses. Thus, the amount Starcevic claims Defendant owes remains approximately $40,000 despite the fact that Defendant allegedly made payments to Starcevic from 1992 through 1998.

purchasers for value under 21 U.S.C. § 853(n)(6)(B)). The Court is not unsympathetic to Starcevic's financial situation. However, the Court cannot grant relief from the Government's interest in forfeiting property where there is no basis within the law for providing such relief. Because the Court finds that Starcevic does not have a legal right, title, or interest in the East Madison Avenue property or the truck superior to that of Defendant, and that Starcevic is not a bona fide purchaser for value of the East Madison Avenue property or the truck, Starcevic cannot defeat the federal forfeiture. *See* 21 U.S.C. § 853(n)(6)(A), (B); *see also United States v. Timley,* 443 F.3d 615, 628 (8th Cir.2006) (noting that "the government's interest in the property to be forfeited 'vests in the United States upon the commission of the act giving rise to forfeiture'" (quoting 21 U.S.C. § 853(c))).

## III. CONCLUSION

For the reasons stated, the Government's Motion to Strike (ECF No. 56), as amended by the Government's Reply to Claimant's Amended Claim (ECF No. 67), must be **granted,** and Starcevic's Petition/Claim for Seized and/or Forfeitable Property (ECF No. 54), as amended by Starcevic's Amended, Substituted & Corrected Petition/Claim for Seized and/or Forfeitable Property (ECF No. 59), must be **denied.**

**IT IS SO ORDERED.**