# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 20-2790

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Jacqueline D. Mills

*Defendant*

Rosie Farr; John Farr

*Claimants - Appellants*

———————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

———————————

Submitted: September 24, 2021
Filed: November 18, 2021

———————————

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

———————————

LOKEN, Circuit Judge.

A jury convicted Jacqueline Mills of multiple counts of wire fraud, money laundering, and bribery, parts of a years-long scheme to defraud the United States of monies intended to feed low-income children. The indictment included criminal

forfeiture allegations, triggering the forfeiture provisions of Rule 32.2 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 982, and 21 U.S.C. § 853. After the jury found Mills guilty, the government presented evidence relating to the properties it sought to forfeit. See Criminal Rules 32.2(a), (b)(1). The jury found that fourteen properties and monies were traceable to the proceeds of Mills's fraud, including monies seized from Southern Bancorp account number xxx1086, the property at issue on this appeal. Pursuant to the jury's determinations, the district court[1] issued a preliminary order of forfeiture prior to sentencing Mills, directing that these monies and properties would be forfeited and applied against Mills's $3.1 million personal money judgment for her crimes. See Criminal Rule 32.2(b)(2). In accordance with 21 U.S.C. § 853(n)(1), the United States published notice of the forfeiture order and directly notified Mills's mother and stepfather, appellants Rosie and John Farr.

The Farrs timely filed third party petitions asserting interests in various properties to be forfeited, including monies from Southern Bancorp account number xxx1086. See 21 U.S.C. § 853(n)(2). The petitions commenced proceedings ancillary to Mills's criminal case to determine whether either of the Farrs have ownership interests superior to the government's forfeiture claims. See Criminal Rule 32.2(c). The forfeiture order became final as to Mills when she was sentenced, but it remained preliminary as to the Farrs until the ancillary proceeding concluded. See Criminal Rule 32.2(b)(4).

In the ancillary proceeding, the government exercised its discovery rights under Criminal Rule 32.2(c)(1)(B), requesting admissions and the production of documents that would substantiate the Farrs' ownership claims. Over two years later, when the Farrs had provided only limited responses and produced no evidence rebutting the jury finding that the seized assets were derived from Mills's fraud, the government

---

[1] The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

moved for summary judgment, supported by an extensive statement of undisputed material facts. The Farrs failed to respond. Invoking Eastern District of Arkansas Local Rule 56.1(c), the local counterpart to Rule 56(e) of the Federal Rules of Civil Procedure, the district court treated the non-response as admissions, adopted the government's factual findings, granted summary judgment dismissing the Farrs' ancillary third party petitions, and issued a final order of forfeiture regarding the properties at issue. See Criminal Rule 32.2(c)(2).

The Farrs appeal the forfeiture of $187,340.67 seized from Southern Bancorp account xxx1086, a business account in which Mills and the Farrs were joint account signatories, and $9,000 cash withdrawn from that account and seized from Rosie Farr. They urge us to remand for a hearing at which they can show by a preponderance of the evidence how much of the nearly $200,000 "belongs to them." Reviewing the district court's grant of summary judgment *de novo*, we affirm. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir.) (en banc) (standard of review), cert. denied, 565 U.S. 978 (2011).

When a third party files a petition claiming a superior interest in property subject to a criminal forfeiture order, the petition commences an ancillary proceeding that incorporates certain procedures prescribed by the Federal Rules of Civil Procedure, such as discovery and motions to dismiss or to grant summary judgment. Criminal Rule 32.2(c)(1); see United States v. Moser, 586 F.3d 1089, 1092-94 (8th Cir. 2009), cert. denied, 560 U.S. 907 (2010). The petitioning third party may not relitigate the underlying forfeiture order against the criminal defendant. Rather, the third party must prove, by a preponderance of the evidence, that he or she has an ownership interest in the property that is superior to the government's forfeiture claim -- either "a legal right, title, or interest . . . superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture," or that the third party "is a bona fide purchaser for value." 21 U.S.C. § 853(n)(6). "A § 853(n) ancillary proceeding is the only avenue by which a third-party claimant may

seek to assert an interest in property that has been included in an indictment alleging that the property is subject to forfeiture." United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2005).

In the two years between the Farrs filing their third party petitions and the government moving for summary judgment, the Farrs failed to present evidence supporting their claims of a *superior* ownership interest in Southern Bancorp account xxx1086. In support of its motion for summary judgment, the government's statement of undisputed material facts included, consistent with the testimony of an FBI forensic accounting expert at trial and at the post-trial forfeiture proceeding, the fact that funds flowing into Southern Bancorp account xxx1086 during the period in question were derived from Mills's fraud. When the Farrs failed to respond, the district court properly adopted the government's statement of undisputed facts. See Fed. R. Civ. P. 56(e)(2).

On this record, the Farrs failed to prove a prior interest in the property under 21 U.S.C. § 853(n)(6)(A) because "the proceeds of an offense do not exist before the offense is committed, and when they come into existence, the government's interest under the relation-back doctrine immediately vests." United States v. Timley, 507 F.3d 1125, 1130 (8th Cir. 2007). Nor did the Farrs present evidence they qualify as bona fide purchasers for value under § 853(n)(6)(B). As in United States v. Porchay, 533 F.3d 704, 709 (8th Cir. 2008), the Farrs' failure to present evidence of superior ownership interests "irreparably crippled" their third party claims.

After the district court granted the government's motion for summary judgment, Rosie Farr filed a *pro se* motion to reconsider, citing her husband's illness and her lawyer's lack of diligence. The district court treated this as a Rule 60(b)(1) motion and denied it for failure to show "excusable neglect." On appeal, the Farrs again argue their failure to respond to discovery requests and the government's motion for summary judgment was due to their attorney's lack of diligence. "It is

generally held that 'excusable neglect' under Rule 60(b) does not include ignorance or carelessness on the part of an attorney." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005). The district court did not abuse its discretion in applying that general rule in this case.

The Farrs further argue their failure to respond was due to the preliminary forfeiture order citing the criminal forfeiture statute, 18 U.S.C. § 982(a)(3)(F), which by its terms is inapplicable against third parties. This contention is without merit. A preliminary forfeiture order is part of the criminal forfeiture process, intended in part to give third parties notice of the impending forfeiture and an opportunity to claim a superior interest in an ancillary proceeding governed by rules of civil procedure. If a third party prevails in the ancillary proceeding, the criminal forfeiture fails as to that property, and it will be transferred to the third party owner unless the government commences a successful *civil* forfeiture proceeding against the third party under 18 U.S.C. § 981. But here, the Farrs' third party claims failed, and the district court properly entered a final forfeiture order pursuant to 21 U.S.C. § 853(n)(7) and Criminal Rule 32.2(c)(2). As in United States v. Waits, it is clear that the Farrs as third parties had adequate notice the government intended to seek forfeiture, as their timely third party petitions confirmed. 830 F. App'x 790 (8th Cir. 2020), cert. denied, -- S. Ct. --, 2021 WL 4508223 (Oct. 4, 2021).

The Orders of the district court dated June 2 and August 10, 2020 are affirmed.

_____