# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2499

_____

| | | |
|---|---|---|
| Michael Joseph Scott, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: December 12, 2006
Filed: January 19, 2007

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

BEAM, Circuit Judge,

Michael Joseph Scott filed a motion in the district court[1] under 28 U.S.C. § 2255, alleging ineffective assistance of counsel for failure to appeal the district court's denial of a Rule 35(b) motion. The district court denied Scott relief but granted a certificate of appealability on the ineffective assistance of counsel question. Because there is no Sixth Amendment right to counsel in a Rule 35 appeal, we affirm.

_____

[1]The Honorable Ann D. Montgomery, United States District Court Judge for the District of Minnesota.

## I. BACKGROUND

In July 1998, the government indicted Scott for federal drug law violations. Scott pleaded guilty to one count and was sentenced to a term of 225 months' incarceration on August 3, 1999. His conviction and sentence were affirmed on appeal. United States v. Scott, 243 F.3d 1103 (8th Cir. 2001). Scott later encouraged a third party to cooperate with the government, and the United States filed a motion for a reduction of Scott's sentence under Federal Rule of Criminal Procedure 35(b). The district court denied the motion because the information came from a third party rather than Scott himself. After a motion to reconsider was also denied, no appeal was taken.

Scott subsequently filed the current Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel based on counsel's failure to appeal the adverse Rule 35 decision. The district court denied the motion, finding that Scott did not inform counsel of his desire to appeal and that, even if he had, Scott could not show prejudice by the failure to appeal.

Scott filed a notice of appeal from the denial of his section 2255 motion. The district court granted a certificate of appealability on the issue of "[w]hether trial counsel rendered ineffective assistance of counsel under the Sixth Amendment by failing to file a notice of appeal from the District Court's final order denying the Government's motion for a substantial assistance reduction pursuant to Fed. R. Crim. P. 35."

## II. DISCUSSION

Our "appellate review is limited to the issues specified in the certificate of appealability." Carter v. Hopkins, 151 F.3d 872, 874 (8th Cir. 1998). Questions of ineffective assistance of counsel are mixed questions of law and fact. Yodprasit v.

United States, 294 F.3d 966, 968 (8th Cir. 2002) (citing Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000)). We review the ineffective assistance claim de novo and review the district court's factual findings for clear error. Id. at 969.

Before we can answer whether Scott's counsel "rendered ineffective assistance of counsel under the Sixth Amendment," we must first determine whether Scott had a Sixth Amendment right to counsel on a Rule 35(b) appeal. See, e.g., Wainwright v. Torna, 455 U.S. 586, 587-588 (1982) (per curiam) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel.").

A litany of federal case law recognizes that the Sixth Amendment guarantees the right to counsel "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." Mempa v. Rhay, 389 U.S. 128, 134 (1967). The "core purpose" of the Sixth Amendment's "counsel guarantee was to assure 'Assistance' at trial, when the accused was confronted with both the intricacies of the law and the advocacy of the public prosecutor." United States v. Ash, 413 U.S. 300, 309 (1973). This guarantee has also been extended to "critical confrontations of the accused by the prosecution at pretrial proceedings where the results might well settle the accused's fate and reduce the trial itself to a mere formality." United States v. Wade, 388 U.S. 218, 224 (1967).

Ash and Wade, among others, apply the Sixth Amendment's guarantee of the right to counsel to trial and critical pre-trial stages. In comparison, a right to effective post-trial or appellate counsel is analyzed under the Due Process Clause. See Ross v. Moffitt, 417 U.S. 600, 610 (1974) (discussing right to counsel on discretionary appeal); Gagnon v. Scarpelli, 411 U.S. 778 (1973) (finding right to counsel at contested parole and probation revocation hearings); United States v. Taylor, 414 F.3d 528 (4th Cir. 2005) (no Sixth Amendment or due process right to counsel at Rule 35 motion hearing); United States v. Palomo, 80 F.3d 138 (5th Cir. 1996) (same).

Scott argues that the Sixth Amendment requires his counsel to file a notice of appeal. As noted above, the Sixth Amendment applies to trial or critical pre-trial stages, rather than to appeals. Because the certificate does not discuss whether counsel was ineffective, and thus whether there is a right to counsel, under the Due Process Clause, that issue is not properly before us.[2]

## III. CONCLUSION

Even assuming, without deciding, that counsel was ineffective, Scott cannot show a right to counsel under the Sixth Amendment, and thus could not have been deprived of the "right" to effective assistance of counsel. We therefore affirm the district court's denial of Scott's section 2255 motion.

———————————————

[2]At oral argument, Scott's attorney argued a due process right to counsel. However, this argument was not contained in the briefs, authored by another attorney, and fatally, was not included in the certificate of appealability.