# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2218
No. 06-3158

_____

United States of America,   *
             *
  Plaintiff - Appellee,  *
             *  Appeals from the United States
v.            *  District Court for the
             *  Eastern District of Missouri.
Donald Radosh,      *
             *
  Defendant - Appellant. *

_____

Submitted:  January 10, 2007
Filed:  June 25, 2007

_____

Before LOKEN, Chief Judge, BYE and SHEPHERD, Circuit Judges.

_____

LOKEN, Chief Judge.

After his first trial ended in mistrial, Donald Radosh was retried and convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  He appeals, arguing that the evidence was insufficient and that the district court[1] erred in denying his motions to dismiss the reprosecution on double jeopardy grounds, to disqualify the United States Attorney's office, and to exclude the government witness whose testimony caused the mistrial from testifying at the second trial.  We affirm.

_____

[1]The HONORABLE HENRY E. AUTRY, United States District Judge for the Eastern District of Missouri.

# I. Sufficiency of the Evidence

Five police officers executed a warrant to search Radosh's St. Louis home for firearms and illegal drugs. Radosh, a convicted felon, was present during the search and was arrested when the officers found several firearms, including a .22 caliber handgun in a dresser in his bedroom. At trial, St. Louis Police Officers Martinous Walls and Matthew Wiedemann testified that, after they advised Radosh of his <u>Miranda</u> rights, he told them that most of the guns belonged to his deceased father, but he used the handgun found in the dresser for protection. This evidence, if believed by the jury, was sufficient to convict Radosh of constructive possession of the firearm. <u>See, e.g.</u>, <u>United States v. Lemon</u>, 239 F.3d 968, 970-71 (8th Cir. 2001).

# II. Other Issues

Before the first trial, Radosh moved to suppress incriminating statements, and the district court held an evidentiary hearing. The government called Officer Wiedemann as a witness. After testifying on direct that Radosh admitted possessing the handgun found in the dresser, Wiedemann was asked on cross-examination if there were "other statements allegedly made by Mr. Radosh." Wiedemann said no.

The government called Officer Wiedemann as a witness at the first trial. After eliciting Radosh's admission regarding the handgun found in the dresser, government counsel asked Wiedemann, "after this statement was made, was there any questioning or any discussion amongst you and the defendant?" Wiedemann responded that Radosh "said something about he wanted to know who the snitch was." Radosh objected and moved for a mistrial, noting that this incriminating "snitch" testimony was contrary to Wiedemann's testimony at the suppression hearing, and it was not previously disclosed by the prosecution despite the government's obligation to disclose "the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by . . . a government agent if the government intends to use the statement at trial." Fed. R. Crim. P. 16(a)(1)(A). In a

colloquy outside the jury's presence, government counsel said that Wiedemann "wasn't supposed to testify about . . . who snitched on me and that sort of thing." When asked if the Government was previously aware of the "snitch" statement, government counsel was initially equivocal and then denied prior knowledge.

The district court granted Radosh's motion for a mistrial because the government's introduction of the inculpatory and previously undisclosed "snitch" statement was unfair surprise to the defense. However, the court denied Radosh's motion to dismiss for violation of Rule 16(a)(1)(A), or on double jeopardy grounds, based on its findings that government counsel did not intend to elicit this testimony and that Officer Wiedemann did not commit perjury. Radosh moved the court to reconsider these rulings, and he moved to disqualify the United States Attorney's office from the case. The court held an additional evidentiary hearing. Wiedemann testified that he did not reveal Radosh's "snitch" comment to anyone before the first trial because he believed it to be a routine inquiry by a suspect that was not of "evidentiary value." The district court denied the motions to dismiss, to disqualify the United States Attorney's office, and to exclude Officer Wiedemann as a witness at the second trial. However, the court excluded all statements by Radosh that were not disclosed to the defense prior to the first trial. At the second trial, neither Officer Wiedemann nor Officer Walls referred to the "snitch" comment.

**A. The Double Jeopardy Motion.** Radosh argues that the district court erred in not dismissing the indictment on double jeopardy grounds. When a defendant's motion for mistrial is granted after the jury is empaneled, the Fifth Amendment's Double Jeopardy Clause bars reprosecution only if the government conduct that caused the mistrial "is intended to 'goad' the defendant into moving for a mistrial." Oregon v. Kennedy, 456 U.S. 667, 676 (1982). "Absent intent to provoke a mistrial, a prosecutor's error in questioning a witness, improper remark in a closing statement, and even extensive misconduct do not prevent reprosecution." United States v. Beeks, 266 F.3d 880, 882 (8th Cir. 2001) (citations omitted).

Radosh argues that government counsel knew of the "snitch" comment before the first trial, failed to disclose it, and then elicited the testimony by Officer Wiedemann to provoke a mistrial. The last assertion is contrary to the district court's findings, which we review for clear error. See United States v. Standefer, 948 F.2d 426, 432 (8th Cir. 1991). The court concluded that use of this undisclosed evidence violated Rule 16(a)(1)(A)[2] but found that government counsel did not intend to elicit the testimony and further found "no evidence that the conduct giving rise to Defendant's successful motion for mistrial was intended to provoke the defendant into moving for a mistrial." United States v. Radosh, No. 4:05CR320, 2006 WL 1236835, at *1 (E.D. Mo. May 3, 2006).[3]

The record supports these findings. The "snitch" testimony came early in the first trial. Radosh fails to point out how the trial was going poorly for the government or any reason why the government would wish to risk a double jeopardy dismissal by provoking a mistrial at that stage of the proceedings. Indeed, as in United States v. Ivory, 29 F.3d 1307, 1311 (8th Cir. 1994), government counsel vigorously opposed a mistrial, suggesting instead that the court either give a cautionary instruction or ignore this portion of Officer Wiedemann's testimony so as not to highlight it for the

---

[2]We have some question whether government counsel violated Rule 16(a)(1)(A) because Officer Wiedemann testified that the "snitch" comment was spontaneous, not "in response to interrogation." See United States v. Young, 875 F.2d 1357, 1359 (8th Cir. 1989). But the government does not challenge the district court's decision to grant a mistrial, so we put this question aside.

[3]The district court's limited inquiry into whether government counsel was aware of the "snitch" comment prior to the first trial was sufficient. See United States v. Jozwiak, 954 F.2d 458, 459-60 (7th Cir. 1992). Proof that the prosecutor knew of the comment would not prove an intent to elicit the comment to provoke a mistrial. Prior knowledge of the comment might be a basis to fault the prosecutor for not disclosing it, but the court's decision to exclude all undisclosed statements from the second trial was an adequate remedy for the non-disclosure.

jury. Thus, the district court's finding that the government did not intend to provoke a mistrial was not clearly erroneous. Therefore, the court properly denied Radosh's motion to dismiss on double jeopardy grounds. See Beeks, 266 F.3d at 883.

**B. Motion to Disqualify the United States Attorney's Office.** Radosh next argues that the district court erred in denying his motion to disqualify, not only the Assistant United States Attorney who was government counsel at the first trial, but the entire office of the United States Attorney for the Eastern District of Missouri. Radosh cites no reason for disqualifying the entire office. He cites no authority supporting this drastic action, and there is strong precedent to the contrary. See United States v. Bolden, 353 F.3d 870, 878-79 (10th Cir. 2003). In any event, the district court denied this motion in a written order "for the reasons stated on the record." Apparently, the court was referring to reasons stated orally at an earlier hearing. A transcript of that hearing was not included in the record on appeal. Accordingly, Radosh has not properly preserved this issue.

**C. Motion to Exclude Officer Wiedemann's Testimony.** Finally, Radosh argues that the district court erred in denying his motion to bar Officer Wiedemann from testifying at the second trial. Radosh invokes the well-established principle that the government's knowing use of perjured testimony that was reasonably likely to affect the jury's factual determinations violates a defendant's right to due process. See, e.g., United States v. Boone, 437 F.3d 829, 840 (8th cir. 2006). But the principle does not apply. At the first trial, Radosh objected to Officer Wiedemann testifying to the "snitch" comment, not because it was perjured -- Radosh has never denied making the statement -- but because it was undisclosed. The perjury he alleges occurred at the pretrial suppression hearing, when Wiedemann testified that Radosh made no statement other than admitting possession of the handgun in the dresser. As the first jury never heard that testimony, the government did not knowingly use it. Thus, the only issue is whether the district court abused its discretion in allowing Wiedemann to testify at the second trial because his prior inconsistent suppression hearing and trial testimony branded him an unreliable perjurer.

Prior inconsistent statements do not disqualify a witness, and not every fact contradiction is material. See United States v. Albanese, 195 F.3d 389, 393 (8th Cir. 1999), citing United States v. Dunnigan, 507 U.S. 87, 94 (1993); United States v. Payne, 940 F.2d 286, 291 (8th Cir. 1991). Here, prior to the second trial, Officer Wiedemann was questioned at great length about his prior inconsistency. The district court found that he was not guilty of perjury in not recalling the "snitch" comment at the suppression hearing. This finding is not clearly erroneous -- Wiedemann was answering defense counsel's catch-all question about additional statements at a hearing that was focused on the admissibility of Radosh's admission that he possessed one of the firearms. Thus, the court did not abuse its substantial evidentiary discretion when it excluded all undisclosed statements but otherwise allowed Officer Wiedemann to testify at the second trial. Moreover, at the second trial, Officer Walls corroborated Officer Wiedemann's testimony regarding Radosh's admission that he possessed the handgun, and neither officer testified about the "snitch" comment. Any error in allowing Officer Wiedemann to testify was harmless.

The judgment of the district court is affirmed. Radosh filed a separate interlocutory appeal of the district court's double jeopardy ruling, Case No. 06-2218, which we held in abeyance and consolidated with his appeal following the second trial. We have now resolved the merits of the double jeopardy issue and dismiss the interlocutory appeal as moot.

_____