# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4098

_____

Frank Allen Williams

*Petitioner - Appellant*

v.

Darin Young, Warden; Marty Jackley

*Respondents - Appellees*
_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls
_____

Submitted: January 16, 2018
Filed: January 29, 2018
[Unpublished]
_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Frank Williams appeals the district court's order that dismissed his 28 U.S.C. § 2254 petition due to procedural default. Upon de novo review, this court reverses and remands for further proceedings.

The state court granted habeas relief to Williams and vacated his 50-year prison sentence. After the court reimposed the 50-year sentence, Williams appealed, arguing that the sentence violated the Eighth Amendment's cruel-and-unusual-punishment clause; the South Dakota Supreme Court summarily affirmed. Williams then filed a state habeas petition claiming counsel was ineffective; relief was denied, and Williams did not appeal.

In his section 2254 petition, Williams claimed his sentence was cruel and unusual punishment in violation of the Eighth Amendment, and counsel was ineffective in several instances. The State argued only that the petition was untimely, and the magistrate judge recommended dismissal on that basis. The district court found the petition was timely, but sua sponte dismissed the petition on the basis of procedural default. This court granted a certificate of appealability as to whether the ineffective-assistance and Eighth Amendment claims were procedurally defaulted.

Upon careful de novo review, this court finds that the district court should have given the parties fair notice and an opportunity to present their positions on procedural default before dismissing on that basis. See Dansby v. Hobbs, 766 F.3d 809, 824 (8th Cir. 2014) (remanding claim dismissed based on procedural default where parties were not afforded adequate notice and opportunity to be heard on procedural-default question); Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002) (standard of review). See generally Garrison v. Burt, 637 F.3d 849, 853 (8th Cir. 2011) (petitioner who raises constitutional claim on full round of direct review need not also avail himself of post-conviction process to satisfy exhaustion requirement for that claim).

Accordingly, this court vacates the judgment, and remands to the district court for further proceedings. Counsel's motion to withdraw is granted.

———————————————