# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1910

_____

Santos Rosales-Martinez

*Petitioner - Appellant*

v.

Nick Ludwick, Warden

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: May 17, 2018
Filed: June 22, 2018

_____

Before WOLLMAN, BENTON, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

Santos Rosales-Martinez was convicted of second degree sexual abuse, in violation of Iowa Code § 709.3(1)(b). He sought a writ of habeas corpus under 28 U.S.C. § 2254 arguing that the trial court violated his right to confrontation. The

district court[1] denied relief. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Rosales-Martinez was charged with sexual abuse in the second degree for inappropriately touching his step-daughter, A.C. Before trial, the State moved for a protective order for A.C.'s deposition, requiring that Rosales-Martinez be separated from her by a one-way mirror, and that she not be told he is on the other side. Rosales-Martinez consented to the one-way mirror, but requested A.C. be told he was present and could hear her. At a hearing on June 11, 2001, the child's therapist and her foster mother testified. According to the therapist, A.C. is concerned about seeing Rosales-Martinez, continually afraid of running into him, and would be very traumatized if she knew he was in the same building. The foster mother testified that A.C. encountered him at a parade and was in a state of panic for nearly 30 minutes. On July 5, the court denied Rosales-Martinez's request, making these findings:

> A.C. would suffer serious trauma caused by testifying in the physical presence of the defendant and that it would impair A.C.'s ability to communicate and that the protective measures stipulated to by the parties and endorsed by the Court are necessary to protect A.C. from trauma. . . . The Court finds and the parties stipulate that the defendant shall remain behind a one-way mirror where he can see and hear A.C. but that A.C. cannot hear nor see defendant.

Before the first trial, the State moved for a protective order for A.C.'s trial testimony. Rosales-Martinez agreed to A.C. testifying by closed-circuit television, but again requested she be told he was present and could hear her. Relying on the previous findings, the judge denied Rosales-Martinez's request. The jury deadlocked. The court declared a mistrial. Before the retrial began on January 8, 2002, the court again discussed A.C.'s trial testimony. A.C.'s guardian ad litem told the trial court

---

[1]The Honorable Leonard T. Strand, Chief United States District Judge for the Northern District of Iowa.

that the previous procedure was still necessary based on conversations with A.C. The parties agreed to the procedure used in the first trial. The court reiterated its previous findings.

Rosales-Martinez was found guilty. He appealed. The Iowa Court of Appeals affirmed. *See* **State v. Rosales-Martinez**, 666 N.W.2d 621 (Iowa Ct. App. 2003) (table) (text in 2003 WL 21229134). He then sought post-conviction relief, which was denied. The Iowa Court of Appeals again affirmed. *See* **Rosales-Martinez v. State**, 810 N.W.2d 26 (Iowa Ct. App. 2011) (table) (text in 2011 WL 6740152). Rosales-Martinez petitioned for a writ of habeas corpus in federal court. The district court dismissed but granted a certificate of appealability.

Review is limited to the issue in the certificate of appealability. **Scott v. United States**, 473 F.3d 1262, 1263 (8th Cir. 2007). The district court's findings of fact are reviewed for clear error and conclusions of law de novo. **Id.** This court "may affirm the judgment on any grounds supported by the record." **Land v. Wash. Cty.**, 243 F.3d 1093, 1095 (8th Cir. 2001). A writ of habeas corpus may be granted "to a state prisoner if the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" **Garrison v. Burt**, 637 F.3d 849, 853 (8th Cir. 2011), *ellipsing* **28 U.S.C. § 2254(d)**.

The issue here is whether the state courts' decisions are contrary to, or an unreasonable application of, *Maryland v. Craig*, 497 U.S. 836 (1990). "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." **Craig**, 497 U.S. at 844. However, face-to-face confrontation is not "an indispensable element of the Sixth Amendment's guarantee of the right to confront one's accusers." **Id.** at 849-50. The "use of the one-way closed circuit television procedure, where necessary to further an important state interest, does not

impinge upon the truth-seeking or symbolic purposes of the Confrontation Clause." *Id.* at 852. The "State's interest in the protection of minor victims of sex crimes from further trauma and embarrassment is a compelling one." *Id.*, *citing* ***Globe Newspaper Co. v. Super. Ct. of Norfolk Cty.***, 457 U.S. 596, 607 (1982) (internal quotations omitted). "It is evident beyond the need for elaboration that a State's interest in safeguarding the physical and psychological well-being of a minor is compelling." *Id.* at 852-53 (internal quotations omitted), *quoting* ***Osborne v. Ohio***, 495 U.S. 103, 109 (1990). This interest may "outweigh . . . a defendant's right to face his or her accusers in court." *Id.* at 853.

When "the State makes an adequate showing of necessity," its interest "is sufficiently important to justify the use of a special procedure that permits a child witness in such cases to testify at trial against a defendant in the absence of face-to-face confrontation." *Id.* at 855. This finding of necessity must be "case-specific," based on evidence, to determine whether a different procedure "is necessary to protect the welfare of the particular child witness." *Id.* The trial court must "find that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant." *Id.* at 856. The trauma must be "more than *de minimis, i.e.,* more than 'mere nervousness or excitement or some reluctance to testify.'" *Id.* "[W]here face-to-face confrontation causes significant emotional distress in a child witness, there is evidence that such confrontation would in fact *disserve* the Confrontation Clause's truth-seeking goal." *Id.* at 857, *citing* ***Coy v. Iowa***, 487 U.S. 1012, 1032 (1988) (Blackmun, J., dissenting).

In *Craig*, the child abuse victims testified by closed-circuit television after the trial court found that they would suffer severe emotional distress and be unable to communicate if face-to-face with the defendant. After a proper finding of necessity, a child witness may testify by use of a special procedure if under oath, subject to full cross-examination, and "observed by" the judge, jury, and defendant. *Id.*

Rosales-Martinez argues that the trial court erred by not making new express findings of necessity in the retrial to support the special procedure for A.C.'s testimony. The trial court incorporated its previous findings made six months earlier, with no reason to doubt them. Rosales-Martinez asserts this violates *Craig*. But *Craig* does not require the trial court to conduct a new *Craig* hearing at every stage. Section 2254(d)(1) "does not require state courts to *extend* [Supreme Court] precedent or license federal courts to treat the failure to do so as error." **White v. Woodall**, 134 S. Ct. 1697, 1706 (2014) (emphasis in original).

Rosales-Martinez is not entitled to habeas corpus relief.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____