**UNITED STATES of America, Plaintiff,**

v.

**Barton Joseph ADAMS, Defendant.**

**Criminal No. 3:08–CR–77**

United States District Court, N.D. West Virginia, **Martinsburg.**

Signed February 5, 2016

Alan G. McGonigal, Michael D. Stein, William J. Ihlenfeld, II, U.S. Attorney's Office, Wheeling, WV, for Plaintiff.

Barton Joseph Adams, Morgantown, Morgantown, WV, for Defendant.

## ORDER

JOHN PRESTON BAILEY, UNITED STATES DISTRICT JUDGE

Pending before this Court in this case are a number of motions, including the following:

- Government's Motion to Dismiss Claims and Petitions, filed October 16, 2015 [Doc. 1429];
- Motion to Set Aside Final Judgments of Forfeiture, filed October 28, 2015, by defendant Barton Joseph Adams [Doc. 1441];
- Motion for a Decision on the October 28, 2015 Motion to Set Aside Final Judgements of Forfeiture for Violating Federal Rules of Criminal Procedure 32.2(a), filed January 4, 2016, by defendant Barton Joseph Adams [Doc. 1469];

- Motion to Reconsider Motion [D.E. 1475] to Hold Hearings at the Martinsburg Vicinage Until the Venue Issue is Decided, filed January 11, 2016, by defendant Barton Joseph Adams [Doc. 1481];
- Hearing to Adjudicate the Validity of [Their] Interest in Property Preliminarily Ordered Forfeited, filed January 11, 2016, by defendant Barton Joseph Adams, Josephine Adams and BA [Doc. 1482];
- Motion to Intervene Regarding the Government's Violation of Notice Requirement of the Federal Rules of Criminal Procedure 32.2(a), filed January 20, 2016, by defendant Barton Joseph Adams, Josephine Adams and BA [Doc. 1491].

## Procedural Background

Defendant Barton Joseph Adams was first indicted on November 18, 2008 [Doc. 19]. The initial indictment contained a "Forfeiture Allegation," alleging that "pursuant to Title 28 U.S.C. § 2461(c), Title 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7), 1961($l$), and Title 21 U.S.C. § 853, upon obtaining a conviction with respect to any alleged mail, wire, or health care, fraud offense, it is the intention of the United States to seek at sentencing the forfeiture of any property, real or personal, that constitutes or was derived from proceeds traceable to such offense...."

On September 18, 2012, the Grand Jury returned a Third Superseding Indictment against Mr. Adams, containing a similar fraud allegation [Doc. 1083]. On November 8, 2012, defendant Barton Adams entered a plea of guilty, pursuant to a plea agreement, to Counts 10 and 13 of the Third Superseding Indictment [Doc. 1154]. Count 10 charged this defendant with health care fraud, while Count 13 charged the defendant with tax evasion [Doc. 1083].

The plea agreement [Doc. 1152] provided, in part, that "[t]he defendant agrees to the entry of a forfeiture money judgment in the amount of $3,724,721, which defendant stipulates is the amount of the proceeds obtained from the health care fraud offense of conviction."

On January 9, 2013, the Government filed a Motion of the United States for Entry of Preliminary Order of Forfeiture Initiating the Ancillary Proceeding for Third–Parties to Contest Forfeiture [Doc. 1170]. Notice of the Motion was provided to counsel for Mr. Adams via the CM/ECF system on the same day. The Motion dealt with the preliminary forfeiture of certain funds received from and seized from the law firm of Coburn & Coffman. This Court entered an Order granting the Motion on January 14, 2013 [Doc. 1171].

On February 13, 2013, the Government filed a Motion to Amend Preliminary Order of Forfeiture [Doc. 1182], to include the sum of $21,822.87, being unearned fees from the firm of Coburn & Coffman. Notice of this Motion was also provided to counsel for Mr. Adams. This Court entered an Order granting this Motion on February 14, 2013 [Doc. 1183].

On March 19, 2013 and April 18, 2013, the Government filed Declarations of Publication reflecting publication of the notice of forfeiture of both Orders above [Docs. 1230 & 1239]. Notice was provided to counsel for the defendant.

On May 1, 2013, the Government filed a Motion to Amend Amended Preliminary Order of Forfeiture [Doc. 1259], to include the drafts held by the Standard Chartered Bank in Hong Kong, totaling approximately one million dollars. Again, notice was provided to counsel for the defendant. On July 11, 2013, this Court granted the Motion, with notice to counsel for the defendant [Doc. 1262].

That the defendant and his son were aware of the entry of this Order, inasmuch as on August 21, 2013, the defendant filed Claims in Response to Second Amended Preliminary Order of Forfeiture [Doc. 1271] on behalf of himself and his son. In his Claim, the defendant notes that "[o]n July 16, 2013, the Claimants received a letter (with enclosed Second Amended Preliminary Order of Forfeiture and Notice of Forfeiture)...." This document was sealed inasmuch as it contained the name of the minor claimant, in violation of the E–Government Act. Notice of the filing was sent to counsel for the defendant and the United States Attorney's Office.

On August 21, 2013, the defendant filed a Verified Amended Petition to Assert Claims in Response to Second Amended Preliminary Order of Forfeiture [Doc. 1273] on behalf of himself and his son. In his Petition, the defendant again notes that "[o]n July 16, 2013, the Claimants received a letter (with enclosed Second Amended Preliminary Order of Forfeiture and Notice of Forfeiture)...." Again, this document was sealed inasmuch as it contained the name of the minor claimant, in violation of the E–Government Act. Notice was not provided.

On August 26, 2013, the defendant filed a duplicate Verified Amended Petition to Assert Claims in Response to Second Amended Preliminary Order of Forfeiture [Doc. 1275]. This document was sealed inasmuch as it contained the name of the minor claimant, in violation of the E–Government Act. Notice was not provided.

On September 17, 2013, the Government filed Declarations of Publication reflecting publication of the notice of forfeiture of the July 11, 2013 Order [Doc. 1284]. Notice was provided to counsel for the defendant.

On September 20, 2013, the Government filed Government's Motion to Strike Petition [Doc. 1285], seeking to strike the Petition [Doc. 1271], inasmuch as it was not signed under penalty of perjury and it did

not set forth the nature and extent of the petitioner's right, title, or interest in the property, and the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property as required by 21 U.S.C. § 853(n)(3). Notice was provided to all counsel.

Six days later, the defendant filed a Second Verified Petition to the Filed August 20, 2013 Verified Amended Petition to Assert Claims in Response to Second Amended Preliminary Order of Forfeiture [Doc. 1287]. Unfortunately, this document was again sealed inasmuch as it contained the name of the minor claimant, in violation of the E–Government Act, and notice was not provided.

On October 4, 2013, the defendant filed a duplicate Second Verified Petition to the Filed August 20, 2013 Verified Amended Petition to Assert Claims in Response to Second Amended Preliminary Order of Forfeiture [Doc. 1289]. Unfortunately, this document was again sealed inasmuch as it contained the name of the minor claimant, in violation of the E–Government Act, and notice was not provided.

On March 12, 2014, the United States Court of Appeals for the Fourth Circuit issued a *per curiam* decision dismissing in part and affirming in part the defendant's conviction and sentence. The Fourth Circuit noted that "[o]ur review of the record leads us to conclude that Adams knowingly and voluntarily waived the right to appeal his convictions, fifty-month prison sentence, the three-year period of supervised release, **and the forfeiture the district court imposed.**" [Doc. 1295] (emphasis added).

On June 24, 2014, the Government filed the Government's Motion for Final Order of Forfeiture With Respect To Specified Property [Doc. 1332], seeking a final order forfeiting the Hong Kong drafts. This Motion was granted by Order dated June 25, 2014 [Doc. 1333]. Notice of both the Motion and the Order was provided to the defendant.

On July 3, 2014, the defendant filed a notice of appeal on behalf of himself, Josephine Adams and his son, seeking review of the June 25, 2014, Order [Doc. 1335].

On July 7, 2014, Josephine Adams filed a Notice of Cross Appeal on behalf of herself and her son, BA, challenging the June 25, 2014, Order [Doc. 1342].

On July 14, 2014, the Government filed Government's Motion For Final Order of Forfeiture of Specified Property Located in the United States [Doc. 1348], seeking a final order with regard to the Coburn & Coffman funds. This Court granted the Motion on July 15, 2014 [Doc. 1351]. Notice of both the Motion and the Order was provided to the defendant.

On July 21, 2014, Josephine Adams again filed a Notice of Cross Appeal on behalf of herself and her son, BA, challenging the June 25, 2014, Order [Doc. 1355].

On July 28, 2014, the defendant filed a notice of appeal on behalf of himself, Josephine Adams and his son, seeking review of the July 15, 2014, Order [Doc. 1361].

On the same day, Josephine Adams filed a Notice of Cross Appeal on behalf of herself and her son, BA, challenging the July 15, 2014, Order [Doc. 1359].

On July 16, 2015, counsel for the defendant filed a Motion to Remand in the Fourth Circuit [Doc. 1405–1]. By Order entered July 27, 2015, the Fourth Circuit granted the Motion to Remand and remanded the case to this Court "for consideration of the Verified Petitions that were, in fact, filed with the District Court" [Doc. 1405].

On October 16, 2015, the Government filed Government's Motion to Dismiss Claims and Petitions [Doc. 1429], seeking

the dismissal of Docket Entries 1271, 1273, 1275, 1287, and 1289, on the following bases:

1. The defendant is not permitted to assert an interest in property that he has been ordered to forfeit. 21 U.S.C. § 853(n)(2);

2. The claim filed as Doc. 1271 is not signed under penalty of perjury; and

3. None of the claims set forth the nature and extent of the petitioner's right, title, or interest in the property; nor do they set forth the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property.

A *Roseboro* notice was issued relative to the preceding Motion on October 22, 2015 [Doc. 1435]. On December 23, 2015, the defendant filed his opposition to the Motion [Doc. 1464].

On October 28, 2015, the defendant filed a Motion to Set Aside Final Judgments of Forfeiture [Doc. 1441], seeking to have the forfeiture set aside on the basis that the Government failed to provide notice of the applicable statute as required by Rule 32.2(a) of the Federal Rules of Criminal Procedure. The Government filed its response on November 4, 2015 [Doc. 1447]. The defendant filed his reply on November 12, 2015 [Doc. 1449].

On January 4, 2016, the defendant filed a Motion for a Decision on the October 28, 2015 Motion to Set Aside Final Judgements of Forfeiture for Violating Federal Rules of Criminal Procedure 32.2(a) [Doc. 1469].

On January 11, 2016, the defendant filed a Motion to Reconsider Motion [D.E. 1475] to Hold Hearings at the Martinsburg Vicinage Until the Venue Issue is Decided [Doc. 1481].

On the same day, the defendant, Josephine Adams, and BA filed a Hearing to Adjudicate the Validity of [Their] Interest in Property Preliminarily Ordered Forfeited [Doc. 1482].

Finally, on January 20, 2016, the defendant, Josephine Adams, and BA filed a Motion to Intervene Regarding the Government's Violation of Notice Requirement of the Federal Rules of Criminal Procedure 32.2(a) [Doc. 1491].

### Discussion

Other than the generalized and scattershot complaints contained in some of the defendant's filings, such as improper venue, ineffective assistance of counsel, etc., which may be addressed by one of the pending § 2255 petitions, the defendant and his family raise six issues as to why the forfeiture should not be granted. These essentially break down into the following:

1. The Government failed to give notice of the statutory basis for the forfeiture in the indictment as required by Rule 32.2(a);

2. The Government failed to send notice of forfeiture to known potential claimants as required by Rule 32.2(b)(6)(A);

3. 21 U.S.C. § 853 has no application to this case;

4. Josephine Adams remains a first party defendant despite having been dismissed without prejudice;

5. Tainted assets are not forfeitable under 18 U.S.C. § 982(a)(7); and

6. Over 200 entries were sealed.

On the other side, the Government seeks dismissal of the various petitions and claims for the following reasons:

1. The defendant is not permitted to assert an interest in property that he has been ordered to forfeit. 21 U.S.C. § 853(n)(2);

2. The claim filed as Doc. 1271 is not signed under penalty of perjury; and

3. None of the claims set forth the nature and extent of the petitioner's right, title, or interest in the property; nor do they set forth the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property.

This Court will begin with the arguments raised by the defendant and his family.

### 1. The notice provided by the Government was sufficient.

As noted above, the defendant contends that there can be no forfeiture since the Government failed to cite 18 U.S.C. § 982(a)(7) in the Indictment as required by Rule 32.2(a) of the Federal Rules of Criminal Procedure. Rule 32.2(a), as it existed in 2008, provides:

> (a) **Notice to the Defendant.** A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute.

In this case, the Forfeiture Allegation in both the original indictment and the Third Superseding Indictment informed the defendant, in pertinent part, that "upon obtaining a conviction with respect to any alleged mail, wire, or health care, fraud offense, it is the intention of the United States to seek at sentencing the forfeiture of any property, real or personal, that constitutes or was derived from proceeds traceable to such offense. . . ."

While it is true that the indictment cites 28 U.S.C. § 2461(c) (Mode of recovery in forfeiture); 18 U.S.C. § 981(a)(1)(C) (listing certain statutes for which forfeiture may occur, but not health care fraud); 18 U.S.C. § 1956(c)(7) (money laundering); 18 U.S.C. § 1961(l) (racketeering); and 21 U.S.C. § 853 (providing the procedure for forfeiture proceedings), the purpose of Rule 32.2(a) is to provide notice to the defendant that the Government will seek forfeiture after a conviction.

■ The proper result is found in *United States v. Silvious*, 512 F.3d 364, 370 (7th Cir.2008), in which the Court, reviewing a remarkably similar situation, held that "Silvious asserts that the indictment did not list the 'applicable statute,' and therefore the forfeiture is invalid. We do not agree with his reading of Rule 32.2(a). The 'essential purpose' of notice is to inform the defendant that the government seeks forfeiture so the defendant can marshal evidence in his defense. *United States v. Diaz*, 190 F.3d 1247, 1257 (11th Cir.1999) (interpreting old Rule 7(c)(2)); *see United States v. Loe*, 248 F.3d 449, 464 (5th Cir.2001). Here, the indictment informed Silvious that the government intended to seek forfeiture, and it identified the targeted assets. Listing the wrong forfeiture statute did not prevent Silvious from receiving notice under Rule 32.2(a)."

In *United States v. Poulin*, 690 F.Supp.2d 415, 420 (E.D.Va.2010), Judge Davis noted the purpose of Rule 32.2(a), stating "[i]n order for a court to enter a judgment of forfeiture following a finding of guilt, the government must first have notified the defendant, either through the indictment or the information, of its intent to seek forfeiture as part of any sentence."

■ Even if the language in the Third Superseding Indictment were deficient, any prejudice was cured by the execution of the plea agreement, which provided in pertinent part, that "[t]he defendant agrees to the entry of a forfeiture money judgment in the amount of $3,724,721, which defendant stipulates is the amount of the proceeds obtained from the health care fraud offense of conviction."

### 2. The Government provided notice of forfeiture to known potential claimants.

The defendant next argues that the Government failed to send notice of the forfeiture to the known claimants. This argument is simply factually incorrect. On August 21, 2013, the defendant filed a Verified Amended Petition to Assert Claims in Response to Second Amended Preliminary Order of Forfeiture [Doc. 1273] on behalf of himself and his son. In his Petition, the defendant again notes that "[o]n July 16, 2013, the Claimants received a letter (with enclosed Second Amended Preliminary Order of Forfeiture and Notice of Forfeiture)...."

This is confirmation that the defendant and his son received the requisite notice. Furthermore, at the status conference held on January 13, 2016, the Government filed a copy of the letter dated July 13, 2013, providing notice to Josephine Adams, together with the certified mail receipt for the same [Doc. 1489].

Accordingly, both of the necessary potential claimants received notice.

Mr. Adams now contends that Keyfield Limited should have been sent notice. This Court does not believe that Keyfield Limited is a potential claimant. Apparently, Keyfield Limited issued the drafts totaling approximately one million dollars payable to BA and Josephine Adams. The drafts are such that the money has been taken from the accounts and possession of Keyfield and are now in the possession Standard Chartered Bank of Hong Kong. Assuming that there was a legitimate reason for the issuance of the checks to BA and Mrs. Adams, Keyfield has no legitimate claim to the funds, and there is no reason for that entity to receive notice.

### 3. 21 U.S.C. § 853 does relate to this case.

The defendant argues that since he was not charged or convicted of an offense under 21 U.S.C. § 853, there can be no forfeiture under that statute. The defendant fails to grasp the relationship between the applicable statutes.

Title 28 United States Code § 2461(c) provides:

> (c) If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

Since the defendant has been convicted under a statute giving rise to forfeiture, the procedures contained in § 853 do apply.

### 4. Josephine Adams is not a first party defendant, having been dismissed without prejudice.

This argument is simply wrong. Josephine Adams was dismissed from this case. She is no longer a defendant. The fact that the dismissal was without prejudice in no way alters this fact.

### 5. Tainted assets are forfeitable under 18 U.S.C. § 982(a)(7).

The defendant contends that 18 U.S.C. § 982(a)(7) does not allow for the forfeiture of "tainted" assets. While this Court is not certain exactly what the defendant is referring to, a court may forfeit substitute assets under § 982(a)(7). In this discussion, this Court will blatantly plagiarize from Judge Mark Davis' decision in *United States v. Poulin*, 690 F.Supp.2d 415, 420 (E.D.Va.2010), *aff'd*, 461 Fed.Appx. 272 (4th Cir.2012):

■ Section 982(a)(7) requires a court to order a defendant convicted of a federal health care offense to forfeit property that constitutes, or is derived from, gross proceeds traceable to the violation. 18 U.S.C. § 982(a)(7). The plain language of the statute provides that such forfeiture is mandatory. *Id.*; *see United States v. Patel*, No. 06–60006, 2009 WL 1579526, at *20 (W.D.La. June 3, 2009) ("The mandatory language of this statute leaves the Court absolutely no discretion in imposing this portion of the sentence."). Although § 982 does not itself set forth the procedures for forfeiture, it expressly incorporates the provisions in 21 U.S.C. § 853. 18 U.S.C. § 982(b)(1). In addition to providing guidance as to the proper means by which forfeitable property should be seized and disposed of, § 853 defines, more fully than § 982, what property is subject to forfeiture.

The procedure for forfeiture of assets in a criminal case such as this is further governed by Federal Rule of Criminal Procedure 32.2. In order for a court to enter a judgment of forfeiture following a finding of guilt, the Government must first have notified the defendant, either through the indictment or the information, of its intent to seek forfeiture as part of any sentence. Fed. R.Crim. Pro. 32.2(a). If this notice requirement is satisfied, the government may then pursue a forfeiture order by demanding either a money judgment, specific property, or substitute property. *See* Fed. R.Crim. Pro. 32.2(b)(1)(A) & (b)(2)(A); *United States v. Candelaria–Silva*, 166 F.3d 19, 42 (1st Cir.1999) (recognizing that the government may seek a personal judgment, specific property, or substitute property); *United States v. Davis*, 177 F.Supp.2d 470, 484 (E.D.Va. 2001) (relying on ***Candelaria*** to find that money judgments, specific property, and substitute property are all properly forfeitable). Despite this broad procedural grant, the court must "determine what property is subject to forfeiture under the *applicable statute.*" Fed. R.Crim. Pro. 32.2(b)(1)(A) (emphasis added); *see also United States v. Surgent*, No. 04–CR–364, 2009 WL 2525137, at *7 (E.D.N.Y. Aug. 17, 2009) (finding that a statute must authorize the form of forfeiture sought because Rule 32.2 only governs procedure). Furthermore, in cases where the government seeks specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R.Crim. Pro. 32.2(b)(1)(A). On the other hand, when the government seeks a money judgment, "the court must determine the amount of money that the defendant will be ordered to pay." *Id.*

■ Accordingly, this Court finds that the forfeiture proceedings under a health care fraud conviction may include proceeds or substitute property.

### 6. Over 200 entries were sealed.

The defendant attempts to cast an aspersion on this Court by noting that over two hundred docket entries were sealed, referring to a dual docket system violating the First Amendment. As noted above, several of the petitions concerning the forfeiture were sealed due to the defendant's violation of the E–Government Act. Other

entries were sealed, such as the unredacted Indictments, unexecuted arrest warrants, and returns of arrest warrants. This Court has personally examined the docket and 208 entries were sealed at the request of or to protect the defendant, including requests for subpoenas, *ex parte* filings, requests for payment to counsel, experts and other service providers, as well as his psychological records.

For the above reasons, the defendant's Motion to Set Aside Final Judgments of Forfeiture [Doc. 1441], the Motion for a Decision on the October 28, 2015 Motion to Set Aside Final Judgements of Forfeiture for Violating Federal Rules of Criminal Procedure 32.2(a) [Doc. 1469], the Motion styled Hearing to Adjudicate the Validity of [Their] Interest in Property Preliminarily Ordered Forfeited, filed by defendant Barton Joseph Adams, Josephine Adams and BA [Doc. 1482] and the Motion to Intervene Regarding the Government's Violation of Notice Requirement of the Federal Rules of Criminal Procedure 32.2(a), filed by defendant Barton Joseph Adams, Josephine Adams and BA [Doc. 1491] are **DENIED**.

Turning to the Government's arguments, this Court finds as follows:

**1. The defendant is not permitted to assert an interest in property that he has been ordered to forfeit. 21 U.S.C. § 853(n)(2).**

Under 21 U.S.C. § 853(n)(2), the right to petition the court for a hearing to adjudicate the validity of his interest in the property is limited to any person other than the defendant. Accordingly, he may not file a petition.

**2. The claim filed as Doc. 1271 is not signed under penalty of perjury.**

Pursuant to 21 U.S.C. § 853(n)(3), a petition must be signed by the petitioner under penalty of perjury. This Court notes that the defendant simply states under penalty of perjury that he "filed" the petition and "served" the same on the Government. This is not sufficient. Accordingly, the petition filed as Docket Entry 1271 fails to meet that requirement and must be dismissed.

**3. None of the claims set forth the nature and extent of the petitioner's right, title, or interest in the property; nor do they set forth the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property.**

The only filing that this Court has located which even attempts to satisfy the above requirement of § 853(n)(3) is the "Verified Appendix," filed as Docket Entry 1464–1 (and re-filed other times). The document lists the various drafts for which forfeiture is sought and states:

> 1) As indicated above, [BA] is the payee of bank drafts issued in 2008 by the limited corporation Keyfield Limited.
>
> 2) As indicated above, Josephine Adams is the payee of bank drafts issued in 2008 by the limited corporation Keyfield Limited.
>
> The bank drafts were issued over seven years ago by Standard Chartered Bank from the account the limited corporate business account of Keyfield Limited in 2008.
>
> The money deposited into Keyfield Limited came from different sources that have been *commingled* with other property which *cannot* be divided without difficulty, including money earned in the years and decades *before* 2005.

[Doc. 1464–1, p. iv].

This statement does nothing to explain the circumstances of the petitioner's acquisition of the right, title, or interest in the property, especially why a nine year old

boy such as BA would acquire the right to almost 700,000 U.S. dollars, 100,000 Canadian dollars and 230,000 euros. The petitions are simply insufficient under § 853(n)(3) to trigger the necessity of a hearing.

Accordingly, the Government's Motion to Dismiss Claims and Petitions [Doc. 1429] is hereby **GRANTED** and the Petitions found at Docket Entries 1271, 1273, 1275, 1287, and 1289 are **DISMISSED.**

Finally, since no hearing on the Petitions will be held, the Motion to Reconsider Motion [D.E. 1475] to Hold Hearings at the Martinsburg Vicinage Until the Venue Issue is Decided, filed by defendant Barton Joseph Adams [Doc. 1481] is **DENIED AS MOOT.**[1]

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to Defendant Barton Adams.

---

[1]. There remains pending certain actions under 28 U.S.C. § 2255 which will be handled by Magistrate Judge Trumble. If a hearing is necessary in those matters, this Court is confident that the hearings will be held in Martinsburg.