**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 16-6190**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

BARTON JOSEPH ADAMS,

              Defendant - Appellant.

———————————

**No. 16-6199**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

JOSEPHINE ARTILLAGA ADAMS, For herself and for minor B.A.,

              Claimant - Appellant,

    and

BARTON JOSEPH ADAMS,

              Defendant.

No. 16-6202

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

       v.

BARTON JOSEPH ADAMS, For minor B.A.,

                  Defendant - Appellant,

B.A.,

                  Claimant - Appellant.

No. 16-6203

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

       v.

BARTON JOSEPH ADAMS, for himself and minor B.A.,

                  Defendant - Appellant,

JOSEPHINE ARTILLAGA ADAMS, for herself and minor B.A.,

                  Claimant - Appellant.

No. 16-6205

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

v.

BARTON JOSEPH ADAMS, For himself and for minor B.A.,

Defendant - Appellant,

JOSEPHINE ARTILLAGA ADAMS, For herself and for minor B.A.,

Claimant - Appellant.

---

Appeals from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, District Judge.  (3:08-cr-00077-JPB-RWT-1)

---

Submitted:  September 30, 2016          Decided:  October 6, 2016

---

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

---

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

Barton Joseph Adams, Josephine Artillaga Adams, Appellants Pro Se.  Michael D. Stein, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

3

PER CURIAM:

In these consolidated appeals, Barton Joseph Adams, Josephine Artillaga Adams, and B.A. (Appellants) seek to appeal and appeal from a host of district court judgments and orders. We dismiss in part and affirm in part.

I.

Appellants seek to appeal the March 5, 2013, criminal judgment, the July 15, 2013, amended criminal judgment, and the April 23, 2014, amended criminal judgment entered in the criminal case against Barton Adams.

A.

In criminal cases, a defendant must file his notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered the criminal judgments on March 5, 2013, July 15, 2013, and April 23, 2014. Appellants' notice of appeal with respect to these judgments was filed on February 11, 2016. Because Barton Adams did not file a timely

4

appeal and did not obtain an extension of the appeal period, we dismiss his appeal of these judgments.[*]

B.

With respect to Josephine Adams and B.A., to have standing to appeal these judgments, they must show that they have "suffered a concrete and particularized injury that is fairly traceable to the challenged [judgment], and is likely to be redressed by a favorable judicial decision." Hollingsworth v. Perry, 133 S. Ct. 2652, 2661 (2013). Josephine Adams and B.A. are not bound by the March 5 judgment and the July 15 and April 23 amended judgments and thus are not "sufficiently aggrieved" by them to possess standing to seek appellate review. Doe v. Public Citizen, 749 F.3d 246, 257 (4th Cir. 2014). Because Josephine Adams and B.A. cannot show any injury traceable to the March 5 judgment and the July 15 and April 23 amended judgments, we dismiss their appeals as to these judgments for lack of standing.

---

[*] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. Bowles v. Russell, 551 U.S. 205, 209-14 (2007); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Barton Adams' appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).

5

Appellants also seek to appeal the district court's January 14, 2013, preliminary order of forfeiture, February 14, 2013, amended preliminary order of forfeiture, and July 11, 2013, second amended preliminary order of forfeiture.

A.

The January 14 and February 14 orders were entered in advance of Barton Adams' March 1, 2013, sentencing hearing and became final as to him at that hearing. Fed. R. Crim. P. 32.2(b)(4)(A). The time for Barton Adams to appeal those orders began to run when the March 5 criminal judgment was entered. Fed. R. Crim. P. 32.2(b)(4)(C). As noted, Barton Adams noted his appeal of the March 5 criminal judgment on February 11, 2016, and did not obtain an extension of time to appeal. Because Barton Adams' appeal is inordinately late, we exercise our inherent power and dismiss his appeal as to the January 14 and February 14 orders.

With respect to the July 11, 2013, second amended preliminary order of forfeiture, Barton Adams could appeal that order within 14 days of its entry on July 11, 2013. Fed. R. Crim. P. 32.2(b)(4)(C); Fed. R. App. P. 4(b). Barton Adams, however, did not do so. His February 11, 2016, notice of appeal is untimely, and he did not obtain an extension of time to

appeal.  We therefore exercise our inherent power and dismiss Barton Adams' appeal as to the July 11 order as well.

B.

Turning to Josephine Adams and B.A., we note that, on appeal, they challenge the validity of the forfeiture determinations in the January 14, February 14, and July 11 orders.  We conclude Josephine Adams and B.A. lack standing to bring those challenges.  See Fed. R. Crim. P. 32.2(b)(2)(A), (c) & Advisory Committee Notes, Subdivision (b) (2000 Adoption); United States v. Davenport, 668 F.3d 1316, 1320 (11th Cir. 2012); United States v. Porchay, 533 F.3d 704, 707, 710 (8th Cir. 2008); United States v. Andrews, 530 F.3d 1232, 1236-37 (10th Cir. 2008); DSI Assocs. LLC v. United States, 496 F.3d 175, 184-85 (2d Cir. 2007).  We therefore dismiss Josephine Adams' and B.A.'s appeals as to these orders.

III.

Appellants also seek to appeal the district court's June 25, 2014, and July 15, 2014, orders of forfeiture.

A.

The June 25 and July 15 orders granted the Government's motions filed under Rule 32.2(c)(2) for final orders of forfeiture.  The Advisory Committee Notes to Rule 32.2 explain, however, that a final order of forfeiture has no bearing on the defendant's rights.   See Fed. R. Crim. P. 32.2, Advisory

7

Committee Notes, Subdivision (b) (2000 Adoption); United States v. Flanders, 752 F.3d 1317, 1343 (11th Cir. 2014). Because a Rule 32(c)(2) final order of forfeiture has no bearing on a defendant's rights, the defendant has no right to appeal that order. Flanders, 752 F.3d at 1343. The June 25 and July 15 orders have no bearing on Barton Adams' rights. He therefore has no right to appeal them, and we dismiss his efforts to do so. See id. at 1344.

B.

With respect to Josephine Adams and B.A., we conclude, for the reasons noted in section II(B), that they lack standing to appeal from the June 25 and July 15 orders. We therefore dismiss their efforts to appeal those orders on this basis.

IV.

Appellants also have noted an appeal from the district court's October 26, 2015, order denying B.A.'s motion for appointment of counsel and denying Barton Adams appointment of counsel.

A.

Josephine Adams cannot show any injury to herself that is traceable to the district court's rulings in the October 26 order denying appointment of counsel for Barton Adams and B.A. We therefore dismiss her effort to appeal the October 26 order for lack of standing.

8

B.

With respect to Barton Adams' and B.A.'s appeal of the October 26 order, we observe that Appellants' informal brief does not present argument explaining how or why the district court erred in denying them appointment of counsel. Barton Adams and B.A. thus have waived review of the October 26 order. See 4th Cir. R. 34(b); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009); Williams v. Giant Food Inc., 370 F.3d 423, 430 n.4 (4th Cir. 2004). We therefore affirm the order. United States v. Adams, No. 3:08-cr-00077-JPB-RWT-1 (N.D.W. Va. Oct. 26, 2015).

V.

Finally, Appellants have noted an appeal from the district court's February 5, 2016 order. The February 5 order: dismissed an August 21, 2013, claim pleading, and August 22, August 26, September 26, and October 4, 2013, petitions asserting Barton Adams' and B.A.'s interests in the property ordered forfeited and at issue in the July 11, 2013, second amended preliminary order of forfeiture; denied Barton Adams' motion to set aside the June 25 and July 15 orders of forfeiture; denied Barton Adams' motion for a decision on the motion to set aside; denied the self-styled "Hearing to Adjudicate the Validity of [Their] Interest in Property Preliminarily Ordered Forfeited" filed by Barton Adams,

9

Josephine Adams, and B.A.; denied the self-styled "Motion to Intervene Regarding the Government's violation of Notice Requirement of the Federal Rules of Criminal Procedure 32.2(a)" filed by Barton Adams, Josephine Adams, and B.A.; and denied as moot the self-styled "Motion to Reconsider Motion [D.E. 1475] to Hold Hearings at the Martinsburg Vicinage Until the Venue Issue is Decided" filed by Barton Adams.

A.

We conclude that Barton Adams lacks standing to appeal the portion of the February 5 order dismissing the August 21 claim pleading and the August 22, August 26, September 26, and October 4 petitions insofar as they asserted B.A.'s interest in the property ordered forfeited, and the denial of the hearing to adjudicate pleading and the motion to intervene, insofar as they asserted arguments on behalf of Josephine Adams and B.A. Barton Adams can assert no injuries traceable to those rulings, and we therefore dismiss his efforts to appeal them for lack of standing.

Additionally, on appeal, Appellants do not present arguments explaining how the district court erred in its rulings as to the motion for decision and the motion to reconsider. By failing to brief these matters, Barton Adams has waived review of them. See 4th Cir. 34(b); Wahi, 562 F.3d at 607; Williams, 370 F.3d at 430 n.4. We therefore affirm as to Barton Adams'

10

appeal of these rulings. United States v. Adams, No. 3:08-cr-00077-JPB-RWT-1 (N.D.W. Va. Feb. 5, 2016).

With respect to the district court's denial of the motion to set aside, the hearing to adjudicate pleading-insofar as it challenged the validity of forfeiture on Barton Adams' behalf-the motion to intervene—insofar as it challenged the validity of forfeiture on Barton Adams' behalf—and dismissal of the August 21 claim pleading and the August 22, August 26, September 26, and October 4 petitions—insofar as they asserted Barton Adams' interest in the forfeited property—we find no reversible error. See Fed. R. Crim. P. 32.2(c); 21 U.S.C. § 853(n)(2) (2012). We therefore affirm these denial and dismissal rulings. United States v. Adams, No. 3:08-cr-00077-JPB-RWT-1 (N.D.W. Va. Feb. 5, 2016).

### B.

With respect to Josephine Adams, we conclude that she lacks standing to appeal the district court's dismissal of the August 21 claim pleading and the August 22, August 26, September 26, and October 4 petitions asserting interests by Barton Adams and B.A. in the forfeited property, its denial of Barton Adams' motions to set aside, for decision, and to reconsider, and its denial of the hearing to adjudicate pleading and the motion to intervene, insofar as these latter two pleadings presented arguments on behalf of Barton Adams and B.A. Josephine Adams

11

has no injury traceable to these rulings.  We therefore dismiss her effort to appeal them for lack of standing.

With respect to the portions of the hearing to adjudicate pleading and the motion to intervene asserting arguments on behalf of Josephine Adams, we find no reversible error in the district court's denial rulings because Josephine Adams did not timely file petitions in the district court asserting her interest in the forfeited property and because the hearing to adjudicate pleading and the motion to intervene did not otherwise comport with 21 U.S.C. § 853(n)(2).  We therefore affirm as to these rulings.  United States v. Adams, No. 3:08-cr-00077-JPB-RWT-1 (N.D.W. Va. Feb. 5, 2016).

C.

We conclude that B.A. lacks standing to appeal:  the district court's rulings relative to Barton Adams' motions to set aside, for decision, and to reconsider; the district court's dismissal of the August 21 claim pleading and the August 22, August 26, September 26, and October 4 petitions asserting interests of Barton Adams; and the district court's denial of the hearing to adjudicate pleading and the motion to intervene, insofar as these pleadings asserted interests of Barton Adams and Josephine Adams.  B.A. has no injury traceable to these rulings.  We therefore dismiss his efforts to appeal those rulings.

12

With respect to the August 21 claim pleading, it does not comply with the requirement in 21 U.S.C. § 853(n)(3) that it be signed by the petitioner under penalty of perjury. Further, the remaining petitions do not comport with § 853(n)(3)'s requirement that they set forth the nature and extent of the petitioner's right, title, or interest in the property, and the time and circumstances of the petitioner's acquisition of these matters. Accordingly, the dismissal of the claim pleadings and petitions—insofar as they asserted B.A.'s interest in the property ordered forfeited—and the denial of the hearing to adjudicate pleading and the motion to intervene—insofar as these pleadings supported B.A.'s efforts to assert his interest in the property—were not reversible error. We therefore affirm as to these rulings. United States v. Adams, No. 3:08-cr-00077-JPB-RWT-1 (N.D.W. Va. Feb. 5, 2016).

## VI.

Accordingly, we dismiss in part and affirm in part. We deny Appellants' motions to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

13